STATE OF MAINE *vs.* WILLIAM TURNBULL and another.

Lincoln. Opinion October 14, 1886.

*Criminal pleading. Migratory fish. Damariscotta river. R. S., c. 40, §§ 31, 43.*

When all the sections of a penal statute taken together show that the act in question was intended to be forbidden only in particular localities, the complaint or indictment must allege that the act was committed in the particular locality to which the statute applies.

A complaint for fishing with weirs in Damariscotta river during Sunday close-time will be adjudged bad on demurrer, unless it is alleged that the weirs were located in that part of the river not exempted from the provisions of R. S., c. 40, § 43, by § 31 of same chapter.

ON EXCEPTIONS to the ruling of the court in overruling a demurrer to the following complaint :

(Complaint.)

"State of Maine. Lincoln, ss. To Thomas J. York, Jr. one of the trial justices within and for the county of Lincoln :

"William Vannah of Nobleboro in the county of Lincoln, on the fifteenth day of May in the year of our Lord one thousand eight hundred and eighty-four, in behalf of said State, on oath complains that William Turnbull and Edward Harrington, both of Edgecomb in the county of Lincoln, on the first day of May, A. D. 1884, and on divers other days and times between said first day of May and the day of making this complaint, did keep and maintain, for the purpose of taking alewives and other fish, a

certain fish weir in the waters of the Damariscotta river aforesaid in said county of Lincoln, and that said William Turnbull and Edward Harrington were bound and required by law to take out and carry on shore the netting or other material which, while fishing, closes that part of said weir where the fish are usually taken, and let the same there remain during the weekly close time as prescribed and required by section forty-three of chapter forty of the Revised Statutes of Maine of the year 1883; to wit, during the time between sunrise on Saturday morning of the tenth day of May, A. D. 1884, and sunrise on the following Monday morning of the twelfth day of May, A. D. 1884, but the said William Turnbull and Edward Harrington did not take out and carry on shore the netting or other material which, while fishing, closes the part of said weir where the fish are usually taken, and let the same there remain during said close time as required by said statute, to wit: during the time between sunrise on Saturday morning of the tenth day of May aforesaid and sunrise on the following Monday morning of the twelfth day of May aforesaid, but did, then and there during said close time keep the part of said weir where the fish are usually taken as aforesaid closed, against the peace of said State and contrary to the form of the statute in such case made and provided. Wherefore the said William Vannah prays that the said William Turnbull and Edward Harrington may be apprehended and held to answer to this complaint and further dealt with relative to the same as the law directs. Dated at Nobleboro in the county of Lincoln this fifteenth day of May, A. D. 1884. William Vannah."

"State of Maine. Lincoln, ss. On the fifteenth day of May A. D. 1884, the above named Willianm Vannah personally appeared and made oath to the truth of the foregoing complaint. Before me, Thomas J. York, trial justice."

*Roswell S. Partridge,* county attorney, for the State.

Upon an examination of the whole complaint it will be seen that the respondents had sufficient notice of the charge which they were to meet.

A *prima facie* case is well set forth in the complaint. The exceptions in §§ 60 and 63, c. 40, R. S., need not, by the rules

of pleading, be negatived in the complaint. Nor is it necessary to mention in the complaint the exemption found in § 31 (same chap.) ; see *State* v. *Boyington*, 56 Maine, 512 ; Whar. Crim. Law, § 378.

*George B. Sawyer* for the defendants, cited : *Parker* v. *Mill Dam Co.* 20 Maine, 353 ; *Moulton* vs. *Libbey*, 37 Maine, 472 ; *State* v. *McKenzie*, 42 Maine, 392 ; *State* v. *Hussey*, 60 Maine, 410 ; *State* v. *Baker*, 34 Maine, 52 ; *State* v. *And. R. R. Co.* 76 Maine, 411 ; *State* v. *Casey*, 45 Maine, 435 ; *State* v. *Collins*, 48 Maine, 217 ; *State* v. *Cottle*, 70 Maine, 198 ; *State* v. *Hobbs*, 39 Maine, 212 ; *State* v. *Carver*, 49 Maine, 588 ; 1 Russell, Crimes, 49 ; Hawk. Pl. Cr. c. 26, § 17 ; Jacob's Law Dictionary "Information"; *Wiscasset* v. *Trundy*, 12 Maine, 204 ; *Fassett* v. *Geyer*, 55 Maine, 160 ; *Bearce* v. *Fossett*, 34 Maine, 575.

EMERY, J. The provisions of § 43, c. 40, R. S., particularly that requiring an opening through weirs during the weekly close time, were evidently enacted for the protection of "migratory fishes." This complaint is for omitting to keep the weir open. Section 31 of the same chapter however expressly exempts certain waters "from provisions relating to migratory fishes," and among the waters so exempted are : "so much of the waters of the Damariscotta river as are west of the railroad bridge near Damariscotta Mills." Section 43 therefore cannot apply to that part of the Damariscotta river so exempted.

All the acts and omissions forbidden by § 43, are not forbidden in that part of that river. They are still lawful or harmless there, however unlawful they might be in other parts of the same river. They are not *mala in se*, and are *mala prohibita* only in one part of the river, to wit, that east of the railroad bridge. The locality of such acts or omissions, is therefore an essential element in constituting them an offence against the statute. To prove that they occurred in the Damariscotta river is not enough. They may properly occur in one part of the river. It must be proved that they occurred in the prohibited part, to make them an offence. If the locality is an essential part of the offence itself,

it is equally an essential part of the description of the offence, and should be alleged in any process charging the offence. This is not a case of a promise or excuse, which a respondent may or may not show in defence. He is not even *prima facie* guilty until he is shown to have done or omitted, in the forbidden part of the river.

The only statement of locality in this complaint is, "in the waters of the Damariscotta river." The complaint therefore does not set out any offence *prima facie*. The presumption would be, that the respondents acted or omitted lawfully, in that part of the river, not forbidden to them. All the matters charged may have occurred in that part of the river. All the allegations may be true, and the defendant offer no excuse, and still no offence have been committed. The allegation of *contra forman statuti* is not an allegation of fact, but simply a statement of a logical result, a result in law. If the premise is insufficient as in this case, the result does not follow. *State* v. *Boyington*, 56 Maine, 512, cited for the State, was clearly a case of proviso, or excuse. It was *prima facie* an offence to cast two ballots at a single election under any circumstances. There might, however, have been circumstances excusing it, and which could have been shown in defence. Such circumstances did not need to be negatived. The relative situation in a statute of its different sections, clauses and phrases is not the criterion in determining such a question, though it seems to be sometimes so stated. It may frequently solve the question, but it does not always do so. The question is, after all, one of legislative intent. Was it the intent to create a general offence, *prima facie* committible by all persons, at all times, or in all places, or was it the intent to create a limited offence, committible only by particular persons, at particular times or in particular places? If the former, the excusatory circumstances need not be negatived in the complaint. If the latter, the particulars of person, time or place should be alleged. In the Boyington case, *supra*, the statute evidently created a general offence, *prima facie* applicable to all elections and all circumstances. In this case, the statute creates a limited offence, limited by place, as well as in time.

The act only becomes a crime when done in a particular place. The complaint should charge the act as done in that particular place. Wharton's Crim. Law, § 380; *State* v. *Godfrey*, 24 Maine, 232; *U. S.* v. *Cook*, 17 Wall. 168.

*Exceptions sustained. Demurrer sustained.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.