McDonald v. The People.

---

## McDonald v. The People.

1. *Venue—Change of—Affidavits.*—Plaintiff made a motion in the County Court for a change of venue, basing his motion upon a supposed prejudice of the inhabitants of the county, stating as his ground, certain derogatory articles published in the county newspaper of the adjoining county. In support of his petition he filed the affidavits of fourteen citizens of the county, all of whom stated, that, in their belief, plaintiff in error could not have a fair trial in the county, etc. The state's attorney filed six counter affidavits, the affiants in which were of the opinion that there was not any prejudice in the minds of the inhabitants, against the defendant, that would prevent him from receiving a fair trial. The County Court overruled the motion for a change of venue. *It was held* by the Appellate Court, upon examination of the affidavits, that the County Court was justified in overruling the motion.

2. *Pleading in Criminal Cases.*—Where a defendant is arraigned and "stands mute" it is the duty of the court to enter for him a plea of not guilty.

3. *Indorsing Witnesses upon the Back of the Indictments.*—In the prosecution of misdemeanors the law does not require the names of the witnesses to be placed upon the back of the indictment.

4. *Witnesses—Leading Questions.*—Where a witness is manifestly

unwilling to testify it is not error to allow the party calling him to ask leading questions.

**Memorandum.**—Indictment, violation of the dram shop act. Error to the County Court of Lee County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

O'BRIEN & O'BRIEN, and DIXON & BETHEA, attorneys for plaintiff in error.

DEFENDANTS' BRIEF, CHARLES B. MORRISON, STATE'S ATTORNEY.

An application for a change of venue on account of the prejudice of the people, is addressed to the discretion of the court, and its ruling refusing the change will not be disturbed unless the discretion is abused. Adams v. State (Fla.), 10 So. Rep. 106; Martin v. State (Tex.), 17 S. W. Rep. 430; Power v. People (Col.), 28 Pac. Rep. 1121; Perrin v. State, 55 N. W. Rep. 516; Hickam v. People, 137 Ill. 75; Barron v. People, 73 Ill. 257; Maton v. People, 15 Ill. 536; Myers v. People, 26 Ill. 173; Price v. People, 131 Ill. 223; Dunn v. People, 109 Ill. 635.

No request was made by the plaintiff in error or his counsel for a list of the witnesses, so that he is not in condition to complain because witnesses were called and sworn, whose names were not on the back of the indictment; and had he requested a list of the witnesses it would be a matter entirely in the discretion of the court to permit other witnesses to be called. Unless the court can see that the discretion was abused it will not interfere. Bulliner v. People, 95 Ill. 394; Gardner v. People, 3 Scam. 83; Logg v. People, 92 Ill. 598; Smith v. People, 74 Ill. 144; Perteet v. People, 70 Ill. 171.

OPINION OF THE COURT, LACEY, J.

This was a case where the plaintiff in error had been

indicted in the Circuit Court, on a charge of selling intoxicating liquors in violation of the "Dram Shop Act" and without license. The indictment contained fifty counts.

On motion of the plaintiff in error, the venue was changed from the Circuit Court to the County Court, the plaintiff in error swearing that all three of the circuit judges were prejudiced against him, so that he could not receive a fair trial. When the case reached the County Court, plaintiff in error made another motion for a change of venue, this time basing his motion upon a supposed prejudice of the inhabitants of the county of Lee, against him. The plaintiff in error's affidavit, bases his grounds of belief on certain derogatory articles against him, published in the county newspaper of Ogle County, of small circulation, the Creston Observer, and in support of the petition he filed affidavits of some fourteen citizens of the county, all of whom sustained the petition, and swore that in their belief the plaintiff in error could not have a fair trial in the county on account of the prejudice of the inhabitants against him. The state's attorney filed six counter affidavits, the makers of which were of the opinion that there was not any prejudice in the minds of the inhabitants of the county against the plaintiff in error that would prevent him from receiving a fair trial.

We have examined the affidavits, and are of the opinion that the county judge, after all were considered, was fully justified in overruling the plaintiff in error's motion for a change of venue from the county.

When arraigned plaintiff in error "stood mute" and the court entered for him a plea of not guilty, and the cause went to trial on such a plea before a jury. The result of it was that the plaintiff in error was found guilty by the jury on all the counts in the indictment, fifty in number, upon which, after overruling plaintiff in error's motion for a new trial, the court sentenced him to pay a fine of $20 on each count and costs of suit. The court below committed no error in allowing witnesses to testify whose names were not on the back of the indictment. This was a misdemeanor,

and the law does not require witnesses' names to be placed on the back of the indictment as conceded by counsel for plaintiff in error.   There was no error in the ruling of the court in permitting certain evidence complained of to be admitted.   The question to Sanderson, witness for the people, "What did you see Colby doing there?" was not improper.   It was not assumed that he was doing anything wrong.   The main objection made to the verdict is that the evidence failed to support it.   We have read all the evidence over and think it fully sustained the verdict. While the plaintiff in error, as we gather from the evidence, was trying to secrete illegal sales of intoxicating liquors under the guise of selling "ginger ale," "cider" and soda water" and other harmless things, and while some of the people's witnesses prevaricated while on the witness stand and apparently tried to shield the plaintiff in error, there was sufficient evidence to fully justify the jury in finding the verdict of guilty on the entire number of counts contained in the indictment.   It appears to us clear that the plaintiff in error was habitually selling intoxicating liquors without a license, and under such circumstances it would be strange, indeed, if he had not far exceeded in illegal sales the number of which he was charged and found guilty. The evidence fully sustains the verdict.   The leading questions put to the people's witnesses by the court and counsel were not improper.

They were manifestly unwilling witnesses, which the court could plainly see, and it was justified in the course pursued.

The modification of the plaintiff in error's twelfth instruction was not error; the substance of it as modified was the same as it was when offered by the defendant.

Seeing no error in the record the judgment of the court below is affirmed.