## Henry Bergstrasser et al. v. The People of the State of Illinois.

1. INFORMATION—*power of court to permit amendment of.* Informations, unlike indictments, may be amended and it is within the discretion of the court to determine the propriety of permitting the same.

2. INFORMATION—*when locus quo need not be proven, as laid.* The *locus quo* of an offense need not be proven precisely as laid, where the place of the commission of the offense was not material thereto.

3. INFORMATION—*when judgment entered in prosecution instituted by, proper.* A judgment in a prosecution commenced by information which is against the defendants and "each of them" is a several judgment and is free from formal error.

4. STATE'S ATTORNEY—*when not error to refuse to permit showing as to who employed assistants for.* Where a state's attorney is assisted by outside counsel, it is not error to refuse to permit the defendant to show who employed and paid such outside counsel, where no objection to their participation was made.

Criminal prosecution for keeping slot machine. Error to the County Court of Adams county; the Hon. C. B. McCRORY, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

JOHN T. GILMER, for plaintiffs in error.

WILLIAM B. SHEETS and H. B. COFFIELD, for defendants in error; WILLIAM SCHLAGENHAUF and H. E. SCHMIEDESKAMP, of counsel.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Henry Bergstrasser and John E. Dick were convicted in the County Court of Adams county upon an information charging them with unlawfully keeping a slot machine in their saloon in the city of Quincy, the same being a device upon the result of the action of which money was staked and hazarded. The court imposed a fine of $100 upon Bergstrasser and Dick and they sued out a writ of error.

Information against plaintiffs in error was filed in the County Court of Adams county by William B. Sheets as state's attorney, on the eighth day of February, 1906, charging said plaintiffs in error with keeping a slot machine in their saloon in Quincy, the same then and there being a device upon the result of which money was staked and hazarded contrary to law. On the twenty-third day of that month and before plaintiffs in error filed any plea, the court allowed the information to be amended so that it charged that the device was one upon the result *"of the action"* of which money was staked, the words quoted being inserted by amendment.

Plaintiffs in error contend that the action of the court in allowing amendment to the information was prejudicial error. We hold the amendment was properly allowed. "In matters of amendments, informations stand on entirely different grounds from indictments. The public officer by whom the information is presented being always present in court, it may be amended, on his application, to any extent which the judge deems to be consistent with the orderly conduct of judicial business, with the public interest, and with private rights." Long v. The People, 135 Ill. 435-441; Truitt v. The People, 88 Ill. 518.

Plaintiffs in error next contend that the verdict should have been set aside because the information charged that the slot machine was kept at "532 Main street in the city of Quincy," while the evidence showed that such machine was kept in the saloon of plaintiffs in error in said city without the street or number being fixed.

If the act complained of in the information had been unlawful in one place and lawful in another, then its exact location would have had to be charged and proven, as was declared in State v. Turnbull, 78 Me. 395, and Commonwealth v. Heffron, 102 Mass. 150, cited by plaintiffs in error, but where the offense charged in the information consists in doing some-

thing which is unlawful at any place, then it is not necessary to charge or prove the exact place where the act was committed, if committed within the jurisdiction of the court.

In Durham v. The People, 4 Scam. 172, the court say: "In stating the name of the prosecutor or person on whom the offense was committed, certainty to the common intent only is necessary. The name by which he is usually known is sufficient without stating his residence. If this be stated it may be regarded as a superfluous averment and need not be proved. Whenever a description or averment can be stricken out without affecting the charge against the prisoner, and without vitiating the indictment, it may be treated as surplusage and rejected." This case is cited with approval in Sutton v. The People, 145 Ill. 286.

Plaintiffs in error also contend that the judgment entered was not in proper form, and that the trial court wrongfully refused to allow plaintiffs in error to prove that person or persons had employed the attorneys other than the state's attorney, who assisted in the trial of the cause upon the part of the People. Upon the first of these contentions it is enough to say that the judgment rendered was against the plaintiffs in error and "each of them," and was therefore several and not joint, and in that form was sufficient. Upon the other of such contentions the record does not disclose that any objection was made to the state's attorney having an assistant in the case and no injury resulted to plaintiffs in error because they were not allowed to show who paid the assistants for their services.

The evidence shows that plaintiffs in error were saloon keepers in Quincy; that they kept in their saloon what is commonly called a slot machine which was so arranged that nickels were deposited in the slot, a lever pulled and cards thereby thrown in line by means of which it was determined what, if anything, the player would take for his money deposited; that

the machine was in February, 1906, operated, money deposited and beer or chips won. Upon this showing the fine was rightfully imposed. There is no error in this record and the judgment is affirmed.

*Affirmed.*