## The People of the State of Illinois, Defendant in Error, v. Felix Viskniskki, Plaintiff in Error.

1. GAMBLING—*when information sufficient.* If the state's attorney has entered a *nolle prosequi* as to all of the counts of an information except the fourth, which count is preceded by the words: "And the state's attorney in the name and by the authority aforesaid further informs the court," etc., it sufficiently appears that the prosecution is in the rame and by the authority of the people, if the first count of such information so specifically recites.

2. GAMBLING—*what competent in prosecution for keeping common gaming house.* Evidence of gambling in the premises in question prior to the time fixed in the indictment, is competent upon the question of guilty knowledge.

3. GAMBLING—*what instruction erroneous in prosecution for keeping gaming house.* In such a prosecution an instruction is erroneous which authorizes a conviction for any other than the precise offense charged.

4. COUNTY COURTS—*jurisdiction of misdemeanors.* The jurisdiction of the County Court in misdemeanors does not depend upon the amount of fine that may be imposed and the fact that an information contains five counts has nothing whatever to do with determining the jurisdiction of the County Court.

5. EVIDENCE—*when objections insufficient.* An objection to the whole testimony of a witness is unavailing to save any specific point if any of the evidence of such witness is competent. The particular evidence claimed to be objectionable must be pointed out to the court.

6. EVIDENCE—*propriety of showing defendant's occupations past and present in criminal cases.* The occupations past and present of a defendant in a criminal case are always competent.

7. CRIMINAL LAW—*when failure to furnish defendant with copy of information waived.* Failure to furnish a defendant in a criminal case with a copy of the information with the names of the witnesses endorsed thereon is waived if not demanded before trial and exceptions preserved in the record.

Error to the County Court of White county; the Hon. JOHN A. LOPP, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

I. T. SPENCE and CLAUDE O. ELLIS, for plaintiff in error.

JAMES R. WILLIAMS and WILLIAM L. MARTIN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error, Felix Viskniskki, was tried in the County Court of White county upon an information of the state's attorney, charging in the fourth count thereof, that the said Felix Viskniskki, on or about the 15th day of December, in the year A. D. 1908, at and within the county and state aforesaid, did unlawfully then and there knowingly rent to one Mark Huff certain rooms in the rear of the second story of the brick building owned by him, the said Felix Viskniskki, and situate on lot No. 96 in the town (now city) of Carmi, in said county and state, for the purpose, then and there, of keeping a common gaming house, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois. The defendant was found guilty upon said count by the jury. Motion for a new trial was overruled and judgment entered on the verdict, that the defendant pay a fine of $150 and costs, and exceptions were preserved.

It is insisted by the plaintiff in error that the information is not sufficient to sustain the judgment of conviction in this case. We are unable to see any valid objection to it. The only one raised by the defendant is that it does not "run in the name and by the authority of the People," because the state's attorney had entered a *nolle prosequi* as to all five counts of the information except the fourth count. The fourth count is in the language above set forth except that the charge above set forth is preceded by these words: "And the State's Attorney in the name and by the authority aforesaid, further informs the court," etc. It refers by the term "aforesaid," with sufficient certainty to the same "People" named in the first count, and the *nolle prosequi* as to the first count in no way affected the fourth count, as the venue laid in the first count and all other words thereof except the charging part of the count remained in the information for the

purposes of the fourth count. This is elementary and needs no argument or authorities cited therefor.

The trial court had jurisdiction of the subject-matter of this suit. The jurisdiction of the County Court in misdemeanors does not depend upon the amount of fine that may be imposed, and the fact that the information contained five counts had nothing to do with determining the jurisdiction of the court. "County Courts shall have concurrent jurisdiction with the Circuit Courts * * * in all criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary." Const. 1870 sec. 18 art. 6; Hurd's Rev. Stat. 1908 par. 95 chap. 37; Hurd Stat. 1908 par. 127 chap. 38. The information in this case is for a first offense so far as appears from the pleading itself.

Plaintiff in error is not in a position to complain of the court's rulings on the evidence. The same objection is made to every witness for the People just after the cross examination in these words: "The evidence of ———— (Name of witness) objected to by defendant, overruled and evidence permitted to go to jury. Defendant excepts." Then after all the evidence for the People the defendant moved to exclude all the evidence from the jury of all the people's witnesses on all matters occurring more than eighteen months prior to the filing of the information. It will be seen that the objections and the motion to exclude applies to the whole evidence of the witnesses. For the court to sustain any objection, the whole of the witness' evidence, proper and improper evidence, would be taken from the jury. So on the motion to exclude, if the motion was sustained, the testimony of all of the witnesses relevant and irrelevant would be taken from the jury. No specific objections to the evidence appear. Parts of all the evidence complained of were unquestionably admissible. To entitle the plaintiff in error to a consideration upon objections to evidence, the particular evidence claimed to be objectionable must be pointed

out to the court.   The trial court cannot be expected
to cull out all the improper evidence in the record upon
objections or motions made after the witnesses have
testified, unless the objectionable evidence, if any, is
specifically pointed out with the reasons for such ob-
jections.   However, a great deal of the evidence to
which specific objections are here directed by plaintiff
in error was admissible for the purpose of showing
guilty knowledge of the defendant as to the character
of the business carried on in defendant's premises, al-
though the transactions were more than eighteen
months prior to the filing of this information.   Evi-
dence as to the previous gambling in the premises of
Mark Huff and those associated with him when he had
the same premises rented some three years before the
second lease, as well as the doings of the other lessees
between the times of the two leases by Huff, were
proper, together with whatever opportunities for in-
formation the defendant had of those things, if any, to
show guilty knowledge of the defendant.   The facts
that these parties gambled there at those times and had
no other occupation apparently, and that defendant
knew it or had the opportunity of knowing it, if they
were facts, are all proper evidence in this case.   But
such evidence should not have extended farther back
than the time of Huff's first lease.   Evidence of sim-
ilar previous offenses is often admissible to prove
guilty knowledge.   Jackson v. People, 18 Ill. App. 509;
Thomas v. People, 59 Ill. 160; Scott v. People, 141 Ill.
195; Fox v. People, 95 Ill. 75.

The occupation, past and present, of the defendant
is always admissible evidence in any case.   In this case
it was particularly proper, inasmuch as there was evi-
dence to the effect that the defendant sold the poker
table with the "rake-off hole" in the center of it, and
the poker chips to Mark Huff at about the same time
defendant leased the premises to Huff, and the de-
fendant denied that he knew what the table was made
or used for and also denied knowing for what purposes

the poker chips were used. His occupation might have considerable to do with explaining to the jury the extraordinary circumstance that he was unacquainted with these articles thus found in his possession.

Inasmuch as the judgment of the lower court will have to be reversed and the cause remanded for another trial we will refrain from further discussion of the evidence and from expressing any opinion on the merits of the case. We have already called attention to the fact that the charge in the fourth and only count of the information that went to the jury for their consideration, is that the defendant unlawfully and knowingly rented said premises to Mark Huff for the purpose of keeping a common gaming house. Instruction No. five for the People told the jury, "that if you believe from the evidence in this case beyond a reasonable doubt that the defendant * * * did knowingly rent to Mark Huff certain rooms * * * for the purpose then and there of keeping a common gaming house, or after renting such rooms to said Huff learned that he was keeping a common gaming house, and then suffered and permitted the said Huff to continue keeping such a gaming house after receiving such knowledge, then you should find the defendant guilty." Instructions one and two given for the People were to the same effect, and there was no other instruction given by the court that stated the law to be otherwise than as expressed in these instructions. These instructions are erroneous and the giving of them is reversible error. It is elementary that before a defendant can be convicted he must be proven guilty beyond a reasonable doubt of the precise crime charged, and that it is fatal error to instruct a jury that proof of another and different offense beyond a reasonable doubt will suffice to convict the defendant of the crime charged. If a man really and in good faith rents to another a room for one month for a lodging room or any other legitimate purpose, and during that month he keeps it as a common gaming house, knowledge of the lessor of the fact

that he was keeping a gaming house after it was rented and the suffering or permitting him to continue the keeping of such gaming house for the remainder of the month after such knowledge, would not make the lessor guilty of knowingly leasing the room for a gaming house. To constitute the offense charged in said fourth count it must be proved beyond a reasonable doubt that the house or room was knowingly leased for the purpose of keeping a gaming house. In other words permitting or suffering one to keep a gaming house, and renting to one for a gaming house, are entirely different acts. Permitting or suffering a tenant, after renting to him, to keep a gaming house, may be strong evidence sometimes that the premises were rented to him for that purpose. If the renting is from month to month it may be conclusive evidence that the latest months of the renting were renting for keeping a gaming house, if the evidence should show that at the beginning of each month after the first that the landlord continued to permit the keeping of the gaming house and, notwithstanding this knowledge, continued to rent to such tenant. The proving force of such evidence in this case was a question for the jury, and these instructions mis-stated the law and invaded the province of the jury.

All the other errors insisted on by plaintiff in error are untenable and cannot arise again in this case with one exception, as the other four counts are forever disposed of by their dismissal after the evidence was taken. The matter of the defendant not being furnished with a copy of the information with the names of the witnesses endorsed thereon, was waived because not demanded before trial and exceptions preserved in the record. Kelly v. People, 132 Ill. 363; McDonald v. People, 49 Ill. App. 357.

For the errors indicated herein, the judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*