230    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Viskniskki, 169 Ill. App. 230.

*Reversed and remanded.*

# The People of the State of Illinois, Defendant in Error, v. Felix Viskniskki, Plaintiff in Error.

1. INFORMATIONS—*what does not affect validity of.* If an information is filed by and in the name of the state's attorney, it is sufficient, without the appending of an affidavit.

2. GAMBLING—*what proofs sufficient in prosecution for knowingly running premises for purpose of.* If it appears that the building in question was within the jurisdiction of the court it is sufficient; the exact location of such building need not be alleged or proved.

3. APPEALS AND ERRORS—*when rulings upon evidence not saved for review.* In the absence of an exception the ruling of the court in excluding a witness from testifying is not subject to review.

4. APPEALS AND ERRORS—*when assignment deemed waived.* An assignment of error calling into question the propriety of an instruc-

tion should be argued by pointing out wherein the instruction is improper.

Error to the County Court of White county; the HON. K. C. RONALDS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

I. T. SPENCE and CLAUDE O. ELLIS, for plaintiff in error.

JAMES R. WILLIAMS and WILLIAM L. MARTIN, for defendant in error.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The plaintiff in error was convicted in the County Court of White county of having knowingly rented his rooms for the purpose of keeping a common gaming house, and was sentenced to pay a fine of $150, and the costs of suit; to reverse which judgment this writ of error is prosecuted.

This case was before this court at the April term, 1909, and reported in 155 Ill. App. 292, and the judgment reversed because of error in one of the instructions. The cause was re-tried by the County Court of White county upon the fourth count of the same information, which charged that Felix Viskniskki on or about the 15th day of December in the year 1908 at and within the county in the State aforesaid did unlawfully then and there knowingly rent to one Mark Huff certain rooms in the rear of the second story of the brick building owned by him, the said Felix Viskniskki, and situated on the southwest half of the northeast half of lot 96 in the town now city of Carmi, in said county and state, for the purpose then and there of keeping a common gaming house contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the People of the State of Illinois. The defendant was again found guilty upon

232       APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Viskniskki, 169 Ill. App. 230.

said count by the jury. Motion for a new trial was overruled and judgment entered on the verdict, ordering that the defendant pay a fine of $150 and costs.

It is contended by counsel for plaintiff in error that the affidavit attached to the information is not sufficient. Without discussing the sufficiency of the affidavit it is enough to say that the information was filed by and in the name of the state's attorney, and this is all that is required by the statute, which provides that, "All offenses cognizable in county courts shall be prosecuted by information of the state's attorney, attorney-general or some other person, and when an information is presented by any person other than the state's attorney or attorney-general, it shall be verified by affidavit of such person." Sec. 207 of Chap. 37 of the Revised Statutes, Hurd's Edition 1909. This statute is plain and leaves no doubt in the minds of this court that the state's attorney had the right to file the information even without an affidavit. This question was passed upon in the case of Giroux v. People, 132 Ill. App. 562, and was there determined that the information filed by the state's attorney did not require the affidavit of any person. We do not regard this point as being well taken.

It is stated by counsel, but not argued or any authorities cited, that the manner of selecting the jury was unfair to the accused, because there were only eleven of the regular jurors present and the court directed another juror to be selected from the bystanders. This seems to be in accordance with the manner of selecting jurors in the county court, as provided by section 200, chapter 37 of the Revised Statutes.

The next objection urged by plaintiff in error is that the information charged that Felix Viskniskki rented to Mark Huff for the purpose of keeping a common gaming house, the rooms in the rear of the second story of the brick building owned by him, the said Felix Viskniskki, and situated on the southwest half

of the northeast half of lot No. 96, in the town now city of Carmi in said county and state and that the evidence shows (if anything) that the rooms were in the two story brick building owned by him situated on the west half of the east half of said lot 96, and that in as much as there is a variance in the description found in the complaint and the evidence, that this conviction cannot stand. The statute under which this prosecution is conducted does not require before a conviction may be had that the renting of a building for the purpose of keeping a gaming house applies to any particular building, or class of buildings, but refers to any building, and, as we view the law, it was not necessary to give the exact location of the building, but if it appeared to be a building and the transaction appears to have taken place within the jurisdiction of the court then this would be sufficient, and if that be true the particular description here referred to would be surplusage and not necessary to be proven.

It is said in the case of Bergstrasser v. People, 134 Ill. App. 609, "Plaintiffs in error next contend that the verdict should have been set aside because the information charged that the slot machine was kept at '532 Main street in the city of Quincy,' while the evidence showed that such machine was kept in the saloon of plaintiffs in error in said city without the street or number being fixed. If the act complained of in the information had been unlawful in one place and lawful in another, then its exact location would have had to be charged and proven, as was declared in State v. Turnbull, 78 Me. 395, and Commonwealth v. Heffron, 102 Mass. 148, cited by plaintiffs in error, but where the offense charged in the information consists in doing something which is unlawful at any place, then it is not necessary to charge or prove the exact place where the act was committed, if committed within the jurisdiction of the court." The case of Dur-

234    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Viskniskki, 169 Ill. App. 230.

ham v. People, 4 Scammon, 172, and Sutton v. People, 145 Ill. 286, are cited by the court in support of this position. But if the place were to be proven, as alleged, we are inclined to the opinion that there is sufficient evidence in this record to fix the place. The statement in the complaint is that the building was situtated upon the southwest half of the northeast half, and the evidence, as shown by the record, is that it was situated upon the west half of the east half of said lot 96. A portion of this ground is common to both descriptions and unless something was shown to the contrary it might be reasonably inferred that the building was located upon that portion of the ground, especially in view of the second instruction given on behalf of the People, which informs the jury that if they believe from the evidence that the plaintiff in error did knowingly rent to Mark Huff certain rooms in the building mentioned in the fourth count of the information for the purpose of then and there keeping a common gaming house, then they should find the defendant guilty. We think the building was sufficiently described to give the plaintiff in error notice of what he was being prosecuted for, and during the trial the particular building was frequently referred to by both parties, so that we think there is no misunderstanding or miscarriage of justice on account of the description of the building.

Again, it is said the court erred in permitting the testimony of Gus Patrick and Harry Cleveland to go to the jury. We think there was no error in this because it appears from the evidence that about six years before this the plaintiff in error had rented the same rooms to Mark Huff to be used for the purpose of keeping a gaming house, and the testimony of these witnesses was fully within the rule laid down by this court in its former opinion.

Again, it is claimed that the verdict is against the weight of the evidence. There was evidence in this case tending to show that the plaintiff in error was

advised of the purposes for which Mark Huff desired to rent the rooms in question, and that evidence, although coming from Mark Huff, is corroborated by Clark Bolden that at the time the room was rented that the plaintiff in error offered to sell Huff a poker table and a sack of poker chips and that Huff told him he would take them but that he could not pay for them right now. The evidence further discloses that the plaintiff in error had a room upon the same floor with this room during all the time that Huff was there and certainly saw men going to and from Huff's room, and if Huff had rented it simply for a room in which to lodge it looks as if the fact that men were passing to and fro from the room would be enough to excite suspicion in the mind of any reasonable person that the room was being used for something else beside a lodging room. It is true that there is evidence in this record tending to impeach the veracity of Huff and to sustain the character of the plaintiff in error but these were matters for the jury to pass upon. They saw the witnesses, heard them testify, observed their bearing while upon the stand, and we think that they were better calculated to determine whether or not the plaintiff in error rented this room to Mark Huff, knowingly, to be used for gambling purposes.

Again, it is claimed by plaintiff in error that the court erred in refusing to permit his daughter, Florence, to testify as a witness in this case. A rule was entered requiring the exclusion of all witnesses from the court room during the trial, and the court for that reason refused to permit the witness to testify, and when the objection was sustained to her testifying there was no exception taken to the ruling of the court, and for that reason, if no other, the question cannot be considered.

Counsel for plaintiff in error criticises the second instruction given on behalf of the defendant in error and says it is faulty as to venue and mis-states the law

but does not tell in what particular it is faulty; we are not able to perceive that there is error in this instruction. It directs the jury, that if the plaintiff in error within eighteen months prior to the filing of the information within the county of White did knowingly rent to the witness Mark Huff certain rooms in the building mentioned in the fourth count of the information for the purpose of then and there keeping a common gaming house, they should find the defendant guilty. It was required by this instruction not only that the plaintiff in error should rent the room knowingly for such purposes but it must have been rented within the county of White.

It is also contended by counsel that the fourth instruction given on behalf of the defendant in error was faulty in using the word "room" and says that the word "room" is not mentioned in the statute. The word "building" is mentioned and if he rented a room or rooms in the building this we think would come clearly within the provision of the statute.

The plaintiff in error has had two trials and in each instance has been found guilty by a jury of his county. He has been fairly tried and as there appears no reversible error in this record the judgment of the lower court is affirmed.

*Affirmed.*