**The People of the State of Illinois, Defendant in Error, v. Phil Ferron, Plaintiff in Error.**

**Gen. No. 35,050.**

Opinion filed June 22, 1931.

COHEN & BERKE, for plaintiff in error; BENJAMIN E. COHEN and MAYER GOLDBERG, of counsel.

JOHN A. SWANSON, State's Attorney, for defendant in error; OTHO S. FASIG, HENRY T. CHACE, JR., and EDWARD E. WILSON, Assistant State's Attorneys, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

An information filed in the municipal court charged that on December 14, 1930, defendant, Phil Ferron, "did then and there unlawfully keep a common gaming house then and there situated at 17 W. Quincy street, within the City of Chicago, County of Cook and State of Illinois, and did then and there permit certain persons to come together and play at a certain game of chance for money and other valuable thing," contrary to the form of the statute, etc. There was a motion to quash the information, which was denied, and a motion to suppress the evidence, which was overruled. A jury trial was waived, the evidence heard, and a finding of guilty made. Motions to discharge and in arrest and for a new trial were denied and plaintiff was fined $100.

It is urged for reversal that the finding and the judgment are against the weight of the evidence, but a technical defect in the record makes it unnecessary to discuss this point. As already stated, the information charges that defendant kept a common gaming house at 17 W. Quincy street, within the city of Chicago, county of Cook and State of Illinois. The evidence of plaintiff is to the effect that the unlawful business was carried on in a building located at "17 W. Kinzie street," Chicago.

In *People v. Lewis*, 140 Ill. App. 493, there was evidence tending to show that defendant kept a common gaming house at the corner of Dearborn and Twenty-

second streets, Chicago, while the information charged him with keeping such a house at 239 East Twenty-second street, Chicago. There was a conviction in the trial court which was reversed upon writ of error to this court, the opinion of the court by Mr. Justice Adams stating:

"It is assigned as error that 'the proof does not show that the defendant kept a gaming house, or was interested in keeping one, at No. 239 E. Twenty-second street, as charged in the information,' and counsel for the defendant contends that the averment of the *locus in quo* is a material averment, proof of which is essential to conviction. Even in civil cases description of the place is material and necessary to be proved. *W. C. R. R. Co. v. Wieczorek,* 151 Ill. 579; *Wabash West. Ry. Co. v. Friedman,* 146 ib. 583; *Knuth v. George A. Weiss M. & El. Co.,* 72 Ill. App. 376, 389; Chitty on Pl., 252. 'For greater reason this is true in criminal cases, or cases involving a penalty. *O'Leary v. People,* 88 Ill. App. 60, 65, and cases cited.

"Counsel for the people contend that the deficiency of proof is a mere variance, and cannot be objected to here for the first time. We do not so regard it. It is not a mere variance, but a failure to prove an averment, proof of which is essential to a valid conviction. The omission to prove that the defendant was interested in owning, keeping, etc., a room at No. 239 E. Twenty-second street, for the purpose charged, was a fatal omission."

In *Smith v. State,* 107 Tex. Cr. 511, it was held that where an information charged betting and wagering within the corporate limits of Wichita Falls, failure of the State to prove the allegation as to the place of commission of the offense was a fatal variance, and further:

"Where a person, place or thing necessary to be mentioned in an indictment is described with unnec-

essary particularity all the circumstances of description must be proved and cannot be rejected as surplusage.''

As against these authorities the State cites *Bergstrasser v. People,* 134 Ill. App. 609, and *People v. Viskniskki,* 169 Ill. App. 230 (aff'd 255 Ill. 384). The *Bergstrasser* case was decided in the Appellate Court for the third district. It there appeared that the information charged the defendants with unlawfully keeping a slot machine in their saloon at ''532 Main street in the city of Quincy.'' The evidence was to the effect that the machine was kept in defendants' saloon in Quincy, but there was no proof as to the street or number. The court stated that if the act complained of in the information had been unlawful in one place and lawful in another, then its exact location would have had to be charged and proved, as was declared in *State v. Turnbull,* 78 Me. 395, and *Commonwealth v. Heffron,* 102 Mass. 148, but that where the offense charged in the information consisted in doing something which was unlawful in any place, then it was not necessary to charge or prove the exact place where the act was committed, if committed within the jurisdiction of the court. There is a clear distinction between the facts of this case and *Bergstrasser v. People,* in that here there is affirmative evidence to the effect that the unlawful business was not conducted at the place alleged in the information. There was no such inconsistent evidence there but only an omission to prove the exact street number at which the unlawful business was conducted.

*State v. Turnbull,* 78 Me. 392, is a case in which defendant was charged with fishing with weirs in a certain river during Sunday ''closing time,'' and it appeared that this was unlawful only as to certain portions of the stream, while other portions were exempted from the provision. It was held that a complaint which failed to allege that the weirs were

located in that part of the river not exempted was insufficient.

In the *Heffron* case the charge was maintaining a common nuisance for the illegal sale of liquors. The indictment charged that the tenement so kept was in Northampton. Some of the witnesses for the commonwealth on cross-examination testified without objection that the tenement in question was in Williamsburgh and not in Northampton. Evidence in rebuttal was given by a witness who was acquainted with the line between the two towns and who had run it when measuring his own land. He said that the tenement was on the Northampton side of the line. The defendant objected to this evidence, contending that the line between the two towns could only be proved by a record of perambulation by selectmen. There was a conviction, and it was held by the reviewing court that the evidence objected to was admissible. The court, however, said that an offense having no essential connection with the place in which it was committed, like a common assault or a simple larceny, though charged to have been committed in a particular town, might be proved to have been committed anywhere within the county, but that in an indictment for an offense in its nature local, as in the cases of larceny in a building, burglary, arson, desecrating and disfiguring a burying ground, striking in a churchyard, or nuisance in a highway, the allegation of place was a necessary part of the description of the offense, and must be proved as laid. The court further said:

"It was therefore rightly ruled at the trial that the question whether the tenement which the defendant was charged with keeping and maintaining as a nuisance was in Northampton, as alleged, or in Williamsburgh, was material."

It therefore appears that this authority is against the contention of the State.

In the *Viskniskki* case the charge was that the defendant rented rooms for the purpose of keeping a common gaming house in a building situated on the southwest half of the northeast half of lot 96 in the town of Carmi. The proof showed that the rooms were situated on the west half of the east half of lot 96, and the court held that this was not a variance and cited the *Bergstrasser* case and others. The judgment was affirmed by the Supreme Court in 255 Ill. 384, but the question of variance was not discussed in the opinion. The place of offense, however, was substantially proved.

For the reason stated and on the authority of *People v. Lewis*, 140 Ill. App. 493, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MCSURELY, J., concur.