People of the State of Illinois, Plaintiff-Appellee, v. Jesus Cervantes Garcia, Defendant-Appellant.

Gen. No. 51,495.

First District, First Division.

April 15, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for the crime of robbery and waived trial by jury. He was convicted and sentenced to the penitentiary for a term of not less than one, nor more than four years. He prosecutes this appeal raising only the issue that he was not proven guilty beyond a reasonable doubt.

Rose Wroblewski was walking on Oakley Boulevard when she was jumped from behind and knocked down. She did not know if two or three men had jumped her

and she was unable to identify any of the men. Her purse was grabbed and the men ran off. She did not testify to the presence of any weapons.

Joseph Majka was emerging from his grandmother's house on Oakley Boulevard and started to cross the street when he saw a tussel on the lawn in front of an apartment building. At first he thought it was boys playing football, but he then heard a woman screaming for help. Majka, who was a personal bailiff to a Circuit Court Judge, removed his revolver and fired a warning shot into the air. Defendant and one of the men ran west towards Western Avenue. The third man ran down Oakley Boulevard. Majka gave chase, firing two shots at the pair of fleeing men. The defendant stopped and Majka cornered him and held him up against the garage door. When Majka turned around, the defendant jumped him and tried to get the revolver, but Majka was able to control him. The police arrived and defendant was placed under arrest. Defendant tried to explain to Majka that he did not do anything, but had seen the woman being attacked and had come to her assistance.

A detective from the Chicago Police Force testified that he arrested the defendant and corroborated the defendant's story of telling the detective he saw the woman being attacked, that he tried to assist her and that when Majka fired the shot he stopped.

Defendant took the stand on his own behalf and testified that he was at a party at the home of a friend at Wood and Division streets. He was starting to walk home when he saw two men attacking Mrs. Wroblewski and he came to her aid. When the shot was fired, the two men started to run and defendant gave chase. When the shots were fired in his direction, however, he stopped. He testified that he tried to explain to Majka that he did not know what happened here and he also gave this story to the police officers who arrested him.

Defendant on appeal contends that he was a good samaritan, coming to the aid of a person being attacked.

36

He relies on the case of People v. Johnson, 31 Ill2d 321, 201 NE2d 367 (1964), on the theory that the facts in the instant case may be explained on an hypothesis of innocence as well as a theory of guilt. Defendant argues that when such conflicting hypothesis may be equally applied to the facts of a case, it is the duty of the court to accept the explanation of innocence. We do not agree that this principle is applicable here. The mere fact that the defendant's story conflicts with that of the prosecution witnesses does not require application of the "hypothesis of innocence" doctrine.

Majka, the chief witness for the State, was 35 feet away from the victim during the time she was being attacked. He testified that he saw defendant's hands around her waist. Although defendant denied ever touching the victim around the waist, this was a question of credibility for the trier of fact. If the defendant's story is that he was trying to assist the woman, it is more likely he would have been engaged in a fight with one of the other two men, rather than having his hands around Mrs. Wroblewski's waist.

 This court will not substitute its judgment on the matter of credibility of witnesses and the weight to be given their testimony. The trial judge who saw and heard the testimony concluded that defendant participated in the robbery and was not a good samaritan. Unless that conclusion of the trial judge rests on doubtful, improbable, or unsatisfactory evidence, or clearly insufficient evidence, we will not substitute our judgment even though there is conflict in the testimony in the trial court. People v. Barney, 89 Ill App2d 180, 232 NE2d 481 (1967).

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.