THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT K. FARROW, Defendant-Appellant.

Third District   No. 75-448

Opinion filed September 24, 1976.

Clem & Hardy, of Peoria (Daniel W. Hardy, of counsel), for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was charged in three separate complaints each of which contained one count for gambling and a second count for "knowingly permit[ting] premises under his control, located at 519 Fulton St., Peoria, Illinois, to be used as a gambling place." The only differences in the three separate complaints were the dates upon which the offenses were alleged to have been committed, *i.e.*, on June 24, 1974, July 3, 1974, and July 6, 1974, respectively. The causes were tried together before a jury, which returned separate verdicts on each of the six counts, acquitting defendant on both counts in the complaint charging offenses on June 29, and convicting him of all the four remaining counts. After his post trial motion was denied, judgments were entered on the verdicts and sentences imposed. Defendant appeals.

Officer Allen testified for the State as to the separate occasions when he went to the "pool hall" called Palace Recreation Club, and as to the facts supporting the inference that these premises were under defendant's control. He also testified in respect to placing bets with defendant at these premises, but consistently misidentified the address of the premises as 529 Fulton Street in Peoria rather than 519 Fulton Street which the record shows to be the correct address of the Palace Recreation Club. Defendant argues that this evidence of keeping a gambling place at 529 Fulton Street varies so materially from the charges in the complaints, of keeping a gambling place at 519 Fulton, that the convictions must be reversed.

In this foregoing argument, defendant relies principally upon the cases of *People v. Ferron*, 262 Ill. App. 243 (1st Dist. 1931), *People v. Lewis*, 140

Ill. App. 493 (1st Dist. 1908), and *O'Leary v. People*, 88 Ill. App. 60 (1st Dist. 1900). In each of these cases the indictment, information or bill of particulars alleged keeping a gaming house at a specified address while the proof showed an entirely different address. In all three cases, the variances were held fatal. The *Lewis* court enunciated the rationale of all three, that the averment of the locus in quo is a material averment, proof of which is essential to conviction. In so holding, an earlier decision in *Bergstrasser v. People*, 134 Ill. App. 609 (3rd Dist. 1907), was distinguished. The information in *Bergstrasser* charged defendant with keeping a slot machine at "532 Main street in * * * Quincy" but the proof showed only that it was kept in defendant's saloon in Quincy, without reference to any street number. The conviction was upheld upon the grounds that if the act complained of were lawful in one place and unlawful in another, then its *exact* location would be material and would have to be alleged and proved, but that since the act charged was unlawful at any place, it was sufficient to show that it was committed within the jurisdiction of the court. The *Lewis* decision distinguishes *Bergstrasser* upon the grounds that the proof in *Lewis* not only failed to establish that the unlawful business was conducted at the place alleged, *i.e.*, at 239 East Twenty Second Street in Chicago, *but affirmatively established that it was not conducted there*. See also 41 Am. Jur. 2d *Indictments and Informations* §269 (1968).

■■ More recent law has defined that to vitiate a criminal trial, the variance between allegations of a charge and the proof must be of such character that it misleads a defendant in making his defense or exposes him to double jeopardy. (*People v. Bristow*, 8 Ill. App. 3d 805, 291 N.E.2d 189 (1st Dist. 1972); *People v. Palmer*, 4 Ill. App. 3d 309, 280 N.E.2d 754 (1st Dist. 1972).) The complaints here allege that the gambling place was at premises under defendant's control at 519 Fulton in Peoria; the proof shows that gambling activities were carried on at a place in Peoria called Palace Recreation Club which was under defendant's control at 529 Fulton Street in Peoria. The gambling activities were unlawful at any place within the venue of the court, and the record clarifies that the Palace Recreation Club is on Fulton Street in Peoria at 519 as the complaints alleged. The charge correctly identified defendant's premises so that he was not surprised with testimony about the Palace Recreation Club, and recourse to this record will establish his defense of prior jeopardy in the event of any subsequent prosecution for the same offense. We reject the argument that the variance here is fatal. The proof does not affirmatively establish that the gambling was at premises which were not under the control of defendant.

■■ Officer Allen testified for the State that when he arrived at the Palace Recreation Club he met defendant there and had a conversation

with him. In that conversation, Allen testified that he said to defendant "I used to place my bets with Little Jimmy but he is in the hospital right now and I was told by Bob Luft that I should come over here." This testimony was admitted to evidence over defendant's hearsay objection, and the argument is made here that this ruling was error. We disagree. The testimony was offered not to prove the truth of what Bob Luft said to Officer Allen, but to prove what Allen said to defendant and was relevant to establish the precise circumstances and context under which defendant then told Allen to follow him to a back room, according to the officer's testimony, where defendant engaged in gambling activities. *People v. Carpenter*, 28 Ill. 2d 116, 190 N.E.2d 738, 741 (1963).

■■ We find no merit in defendant's argument that the circuit court erred in refusing to submit to the jury one general "not guilty" verdict form pertaining to all counts. The Code of Criminal Procedure of 1963 provides at section 115—4(j) that "[u]nless the affirmative defense of insanity has been presented during the trial, the jury shall return a general verdict *as to each offense* charged." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 115—4(j).) No affirmative defense of insanity was involved in this case. Accordingly, the circuit court correctly furnished the jury with a "not guilty" general verdict form as to each offense charged.

■■ The argument is made finally that the prosecution failed to prove beyond a reasonable doubt that the alleged premises were under defendant's control. The proof shows that on each of three separate occasions when Officer Allen went to the Palace Recreation Club, defendant was behind the counter, working there on most occasions, and that it was defendant who approached Officer Allen to wait on him and who on each occasion directed and accompanied Officer Allen to a back room to consummate wagers on horse races. The only other persons identified as being present were characterized by Officer Allen as customers at the counter, or card players seated at a table. An inference of defendant's control of the premises may be rested upon circumstantial evidence alone (*People v. Fiorentino*, 2 Ill. App. 3d 158, 275 N.E.2d 917 (1st Dist. 1971), and unless that evidence is so improbable, unsatisfactory or insufficient as to compel a different inference, a court of review must leave the conclusion of the jury undisturbed. (See *People v. Garcia*, 95 Ill. App. 2d 34, 238 N.E.2d 87 (1st Dist. 1968).) We find the inference of control to be supported by sufficient proof, and that no reversible error has been shown.

The judgment of the circuit court was correct and is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.