**STATE of Maine**

v.

**Richard E. DAVIS, Jr.**

Supreme Judicial Court of Maine.

March 30, 1978.

---

Henry N. Berry, III, Dist. Atty., Peter Ballou, Deputy Dist. Atty., Al Ruiz, Law Student (orally), Portland, for plaintiff.

Robert N. Walker (orally), Yarmouth, for defendant.

Before DUFRESNE, C. J., and WEATH-ERBEE, POMEROY, WERNICK, ARCHI-BALD and DELAHANTY, JJ.

DUFRESNE, Active Retired Justice.[1]

The defendant, Richard Davis, in separate counts, was indicted for, and found guilty of, selling the hallucinogenic drug LSD–25 on October 10, 1974 in violation of 22 M.R.S.A., § 2212–E [2] and selling amphetamines on November 6, 1974 in violation of 22 M.R.S.A., § 2210–A.[3] He appeals from

---

1. Mr. Justice Dufresne sat at oral argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

2. 22 M.R.S.A., § 2212–E (prior to the Maine Criminal Code which became effective on May 1, 1976) provided in pertinent part as follows:
"Whoever, *except the laboratory of the Department of Health and Welfare,* sells any of the substances listed in section 2212–B shall upon conviction thereof be punished . . ." (Emphasis supplied) Listed in 22 M.R.S.A., § 2212–B as an hallucinogenic drug was: "D-lysergic acid diethylamide (LSD or LSD–25)."

3. 22 M.R.S.A., § 2210–A (prior to the Maine Criminal Code which became effective on May 1, 1976) provided as follows:

"It shall be unlawful for any person, firm or corporation to sell or offer to sell, any amphetamines or derivatives or compounds thereof. The persons exempt from the provisions of section 2210 shall be exempt under this section."
The exemption clause of section 2210 read as follows:
"These provisions shall not apply to the possession, sale, furnishing or giving away, or the offering to sell, furnish or give away such drugs, by drug jobbers, drug wholesalers and drug manufacturers and their agents and, employees to registered pharmacists and the pharmacies registered under Title 32, section 2901, nor to physicians, dentists, veterinary surgeons or hospitals, nor to each other, nor to the sale at retail in pharmacies by pharmacists to each other acting in good faith. Nothing in this section shall be construed to affect the right of a physician, surgeon, dentist or veterinary sur-

the single judgment entered on the separate jury verdicts (Superior Court-Cumberland County). His appeal is denied.

The sole issue raised in this appeal is, whether it was error on the part of the Court below to refuse the defendant's requested instruction to the jury that the State had the burden of proving beyond a reasonable doubt that the defendant was not a member of the classes of persons excepted from the provisions of sections 2212–E and 2210–A of title 22, M.R.S.A.

■ By pleading not guilty, the accused puts the State to the burden of proving beyond a reasonable doubt every element of the offense on which a jury conviction could rest. *State v. McKeough,* Me., 300 A.2d 755 (1973); *State v. Levesque,* 146 Me. 351, 355, 81 A.2d 665 (1951); *State v. Caliendo,* 136 Me. 169, 174, 4 A.2d 837 (1939).

■ The State's burden of proof beyond a reasonable doubt as a prerequisite to conviction is of constitutional requirement. *State v. McKeough,* supra; *In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970).

■ Furthermore, to assure a fair and impartial trial, a jury must be adequately informed by the Court, not only regarding the State's burden of proof beyond a reasonable doubt to support a conviction, but also in respect to all the essential components of the offense. It is fundamental error to fail to instruct the jury on the necessary elements of the crime. *State v. McKeough,* supra; *United States v. King,* 521 F.2d 61 (10th Cir., 1975); *Byrd v. United States,* 119 U.S.App.D.C. 360, 362, 342 F.2d 939, 941 (1965); *People v. Davis,* 74 Ill.App.2d 450, 221 N.E.2d 63 (1966). See also *State v. Lebreton,* Me., 364 A.2d 645 (1976); *People v. Mardian,* 47 Cal.App.3d 16, 121 Cal.Rptr. 269 (1975); *State v. Watts,* 223 N.W.2d 234 (Iowa, 1974); *State v. Fletcher,* 512 S.W.2d 253 (Mo.App.1974).

Thus, the immediate issue for us to determine is, whether the excepted classifications specified in sections 2210–A and 2212–E of title 22 are elements of the crime respectively prohibited therein.

■ The answer to the problem must be found in the legislative intent underlying the statutory enactments. As we said in *Toussaint v. State,* Me., 262 A.2d 123 (1970), the true test does not lie in the relative structural position of the exception clause to the enacting part of the statute, but rather must depend on, whether the lawmakers intended to create a general offense of selling the illegalized drugs by all persons at all times and in all places, excepting therefrom a limited class of people, as distinguished from an intent on their part to enact a limited statute applicable only to particular persons, or at particular times, or in particular places. See also *State v. Turnbull,* 78 Me. 392, 395, 6 A. 1 (1886). As in *State v. Rowe,* Me., 238 A.2d 217 (1968), the exceptions enumerated in sections 2210–A and 2212–E merely withdraw from the members of the general public who are all forbidden to sell the illegalized drugs certain classes of persons whom the Legislature in the exercise of its police power permits to deal in such substances. Since the exception clauses of the reference statutes did not involve any of the essential elements of the crimes for which the defendant was being prosecuted, the Court below could not be charged with an error in denying the defendant's requested instruction to the jury on the ground that the Court failed to instruct the jury fully on all the ingredients of the offense.

■ We take note, however, that, upon certain defensive issues the existence of which would free the defendant from all criminal culpability in connection with the offense charged and which form no part of the crime itself, this Court has ruled that the State must carry the burden of proving beyond a reasonable doubt the non-existence of such defense, provided the issue has been generated in the evidence. Such is the stated rule respecting the following defenses: self defense—*State v. Millett,* Me., 273

geon in good faith and in the legitimate practice of his profession personally to administer,

prescribe or deliver any of the foregoing substances to his own patients."

A.2d 504 (1971); entrapment—*State v. Matheson,* Me., 363 A.2d 716 (1976); involuntary intoxication—*State v. Rice,* Me., 379 A.2d 140 (1977). See also *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

█ Whether the same rule should apply to the establishment of inculpatory proof that the defendant does not come within one of the statutory exclusions provided in 22 M.R.S.A., §§ 2210–A and 2212–E, we need not decide and intimate in no way what our position would be when the proper case comes along. In the instant case, no evidence whatsoever was introduced in relation to the defendant's status as being a person within the excluded classes. Even on the theory of *Millett, Matheson* and *Rice,* the defendant would gain nothing, since he failed to bear the burden to ensure the presence of evidence adequate to generate the issue of statutory immunity and, thus, must suffer the consequence that if he failed to discharge such burden, he was not entitled to jury consideration of the issue, nor to have the Court instruct the jury thereon. *State v. Rice,* supra, at page 147.

There was no error below and the entry will be

Appeal denied.

Judgment affirmed.

WEATHERBEE, J., sat at oral argument and participated in consultation, but died prior to the preparation of the opinion.