State *v.* Gurney.

The allegations of an indictment in this Court are to regard the laws of the State only.

An exception in the enacting clause of a penal statute must be negatived in the indictment.

But it is not requisite that it should notice exceptions contained in any subsequent clause.

Facts which may bring the case within the exceptions or provisos of such subsequent clause, are to be proved or pleaded by the defendant.

In an *indictment* charging that the defendant is a common seller of prohibited liquors, it is not necessary to *aver* that they were not imported from any foreign place or sold by him in the importation packages.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

INDICTMENT under the Act of 1851, "for the suppression of drinking houses and tippling shops."

In one of its counts the indictment charged, that the defendant "was a common seller of spirituous and intoxicating

liquor, not being duly appointed therefor pursuant to the provisions of said Act."

In another count it charged, that the defendant, at Saco, was such seller, "not being duly appointed as the agent of such town of Saco to sell therein spirits, wines and other intoxicating liquors to be used for medicinal and mechanical purposes, and not having given bond therefor pursuant to the provisions of the statute."

The jury returned a verdict that the defendant was guilty; and he thereupon moved in arrest of judgment, alleging the following causes; —

1. Because the Act, upon which the indictment is founded, is in conflict with the constitution of this State..

2. Because it is in conflict with the constitution and laws of the United States.

3. Because the indictment does not allege, that the defendant was a common seller of spirituous or intoxicating liquor, which had not been imported into the United States, under the laws of the United States, and in accordance therewith, and contained in the original packages in which they were imported, and in quantities not less than the laws of the United States prescribe.

4. Because the indictment does not allege that the defendant was a common seller of spirituous or intoxicating liquors, not imported into the United States, in accordance with the laws of the United States, and by authority thereof, and in quantities less than said laws of the United States prescribe for such importation.

5. Because the indictment does not allege that the defendant was a common seller of spirituous and intoxicating liquor, not imported into the United States under and in accordance with the laws of the United States, and sold in the original packages in which they were imported, and in quantities not less than the laws of the United States prescribe.

6. Because the indictment does not allege that the defendant was a seller of spirituous or intoxicating liquor not im-

ported into the United States by him, under and in accord-
ance with the laws of the United States, and remaining and
sold in the original packages in which they were imported,
and in quantities not less than the laws of the United States
prescribe.

7. Because the indictment does not allege that the de-
fendant was a common seller of spirituous or intoxicating
liquor, not for medicinal and mechanical purposes, only.

By agreement, the Court was to enter such judgment as
is authorized by law.

*Shepley & Hayes*, for the defendant.

All the facts alleged in the indictment may be true, and
yet constitute no offence. *State* v. *Godfrey*, 24 Maine,
232.

The indictment contains no averment negativing that the
liquors were imported by the defendant, and sold by him in
the original packages.

Under our statute, sale of liquors in the largest quanti-
ties are prohibited equally as sales by retail. *Brown* v.
*Maryland*, 12 Wheat. 419; *Thurlo* v. *Massachusetts, in
error*, 5 How. 573.

By a statute of U. S., passed Aug. 6, 1846, the Secretary
of the Treasury is authorized to make such regulations as
may be necessary, &c. These regulations have the force of
law.

By Circular No. 34, of "instructions to collectors and
other officers of the customs," issued by the Secretary of the
Treasury, Feb. 17, 1849, under the power granted by the
5th § of the Act before mentioned, it is provided, that
"cellars of stores, occupied for general business purposes,
may be used for the storage of wines and distilled spirits
imported by the owner or lessee only." And by a pro-
vision of law referred to in this circular, such private stores
"shall be kept under the joint locks of the inspector and
importer."

The 8th § of this circular provides, that "all merchan-
dize thus stored, may be examined at any time, during the

business hours of the port, by the importer, consignee or agent, who shall have liberty to take samples of his goods according to the usage of his port. He may also have any further privileges to facilitate the sale of his goods while in bond, which the collector of the port may deem 'advisable," &c.

Here provision is made for the sale of imported merchandize, (including spirituous liquors,) even before the duties are paid, while in bond, and privileges are given to encourage and facilitate such sales; and it is an every day occurrence for imported spirituous liquors to be sold in bond, and to be shipped while in bond from one port of entry to another, after such sales.

The importer of spirituous and intoxicating liquors, who thus avails himself of the facilities extended to him by the laws of the United States, and the regulations of the Treasury Department, and engages in the business of selling his imported liquors in bond, until he has effected three distinct sales, is a "common seller, &c.," but he is guilty of no offence against any valid State law.

It is said, that "when an offence is created by statute, and there is an exception in the enacting clause, the indictment must negative the exception. But if there be a proviso, which furnishes matter of excuse for the defendant, it need not be negatived in the indictment, but he must plead it." *State* v. *Godfrey*, 24 Maine, 234.

In the statute on which this indictment is based, there is no proviso declaring that it shall not apply to sellers of liquors by authority of the laws of the United States. The exemption of such persons from the penalties of this statute, is not created by a proviso, which is itself a part of the statute, but it exists by force of a law which the constitution of the United States declares, "shall be the supreme law of the land." Nor is this exemption created or expressly declared, by any exception contained in the enacting clause of the statute creating the offence. So that this rule of criminal pleading, to which we have referred, cannot

apply to this case, unless the 8th section of the Act of 1851, "for the suppression of drinking houses and tippling shops," be construed as elliptical, as it ought to be, in order to make it consistent with the laws of the United States.

If the statute is thus construed, and the ellipsis is supplied by reading the section, "no person shall be allowed to be a common seller of spirituous or intoxicating liquor, except as authorized by the laws of the United States," &c., then the exception would be in the enacting clause of the statute creating the offence, and must be negatived in the indictment.

Upon this point we cite *State* v. *Godfrey,* 24 Maine, 232. It has a strong analogy to this case, and we rely upon it as a full authority to show that this indictment is invalid.

If it be said that the offence is described in the language of the statute, and that this is sufficient, we reply, that no offence is described by the simple words of the statute; and the statute itself can be sustained as in harmony with the laws of the United States, only by construing it as elliptical, and supplying the ellipsis as before suggested. *Preston* v. *Drew,* 33 Maine, 563; *Hopkins* v. *Commonwealth,* 3 Met. 465. If it be said the protection given by the laws of the United States is matter, to be shown in defence, not needing to be negatived in the indictment, we find a full reply already made in the case *State* v. *Godfrey,* 24 Maine, 232, to which we again respectfully refer.

*Evans,* Att'y General, for the State.

APPLETON, J. — The indictment in this case follows the language of the statute, and negatives the only exception in the section upon which it is founded. The sufficiency of the indictment, so far as relates to the statutes of the State by which the enactment was made, will not be questioned.

A motion in arrest of judgment has been filed for the insufficiency of the indictment. In support of this motion it is urged, that an importer selling liquors by him imported, in their original packages, may be a common seller; that the

defendant may have been such importer; that the sales on account of which he was convicted may have been of liquors in their original packages; that such sales would be lawful by the law of the United States; that in such case all the facts alleged in the indictment would be true, and yet constitute no offence; that therefore these facts should have been negatived in the indictment, and that judgment should be arrested because they have not been so negatived.

The argument in defence rests upon the position, that sales by an importer, in the original packages, would be against the statute upon which the indictment is framed, and to such extent it would be void, as against the laws of the United States. The language of the Act of this State, c. 211, entitled " an Act for the suppression of drinking houses and tippling shops," approved June 2, 1851, is not more general in its prohibitions, than the several Acts of Massachusetts, New Hampshire and Rhode Island, which received the consideration of the Supreme Court of the United States in the license cases from those States. In reference to those Acts, TANEY, C. J., in 5 How. 576, says, " but I do not consider the law of Massachusetts or Rhode Island as interfering with the trade in ardent spirits while the article remains a part of foreign commerce, and in the hands of the importer for sale, in the cask or vessel in which the laws of Congress authorize it to be imported. These State laws act altogether upon the retail or domestic traffic within their respective borders. They act upon the article after it has passed the line of foreign commerce, and become a part of the general mass of property in the State." According to the views of DANIEL, J., in the same case, " the license laws of Massachusetts, Rhode Island and New Hampshire, now under review, impose no exaction on foreign commerce. They are laws simply determining the mode in which a particular commodity may be circulated within the respective jurisdictions of those States, vesting in their domestic tribunals a discretion in selecting the agents for circulation, without discriminating between the sources whence

State *v.* Gurney.

commodities may have been derived. They do not restrict importation to any extent; they do not interfere with it, either in appearance or in reality; they do not prohibit sales either by wholesale or retail; they assert only the power of regulating the latter, but this is entirely within the sphere of their peculiar authority." While, in the opinion of Wood-BURY, J., if the object of these statutes was to limit or restrict the sale of certain articles as dangerous to health and morals, and as mere police regulations, "they would appear entirely defensible as a matter of right, though prohibiting sales." The ground of exception taken to the indictment, must according to the doctrine of the Court, in the case referred to, in any event fail.

But according to the recognized rules of pleading in criminal procedure, the indictment must be sustained. When there is an exception in the enacting clause it must be negatived in the indictment, for otherwise no violation of law will appear. The case provided for, in the clause pleaded, is not made out on the record. But when the exception or proviso is in a subsequent enacting clause, the case provided for in the enacting clause may be fully stated without negativing the subsequent exception or proviso. A *prima facie* case is stated, and it is for the party for whom matter of excuse is furnished by the statute, to bring it forward in his defence. *Com.* v. *Hart*, 6 Law Rep. N. S., 77.

It is equally well settled, that when an exception arises from another statute, the party claiming under it must plead it. "It is enough for the prosecutor to bring the case within the general purview of the statute upon which the indictment is founded, if that statute has general prohibitory words in it. For when an indictment is brought upon a statute, which has general prohibitory words in it, it is sufficient to charge the offence generally in the words of the statute. And if a subsequent statute, or even a clause of exception in the same statute excuses persons under such and such circumstances, or gives license to persons so and so qualified, so as to excuse or except out of the general pro-

State *v.* Gurney.

hibitory words, that must come by way of plea or evidence. *Rex* v. *Pemberton*, 2 Bur. 1036.

An indictment in the State courts regards only the law of the State against which the offence is committed. The statutes or law of the State which creates the offence, and imposes the penalty, are alone to be regarded in forming the indictment. It would be a novel doctrine to require that a defence arising from treaties with, or under the statutes of another government, were required to be negatived in an indictment for an offence against the laws of this State. A *prima facie* case is stated, and if the defendant relies upon the fact, that he was an importer, and that the sales were of spirits in their original packages, he should have offered it in evidence by way of defence. *Com.* v. *Hart*, 6 Law Rep. N. S. 77.　　　　　　　*Motion overruled.*

　　　　　　　　　　　　　　*Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY, HOWARD and WELLS, J. J., concurred.

(*) STATE *versus* GURNEY.