State of Maine *v.* Boyington.

---

## STATE OF MAINE *versus* WILLIAM BOYINGTON.

An indictment founded on R. S., c. 4, § 61, alleging that, on a certain day named, "at Augusta, in the county of Kennebec, a meeting of the inhabitants of said Augusta, for the election of" certain State and county officers therein specifically named, "and representatives to the Legislature, for said Augusta, was then and there duly held; and, at said election, a list of the voters of said Augusta was necessary; and, further alleging that the respondent "did then and there, at the meeting and election aforesaid, wilfully, knowingly and unlawfully cast and give more than one vote, ballot and list of persons then and there to be elected and chosen into the said offices, at one balloting at the choice and election aforesaid, against the peace," is good.

It is not necessary to negative the exception contained in R. S., c. 4, § 37.

The allegation that the meeting was "then and there duly held" is broad enough to embrace the proof necessary to show the meeting was held "according to the constitution and laws of the State."

INDICTMENT, founded on R. S., c. 4, § 61, alleging (omitting formal parts) "that on the 14th day of September in the year of our Lord one thousand eight hundred and sixty-eight, at Augusta, in the county of Kennebec, a meeting of the inhabitants of said Augusta, in the county aforesaid, for the election of Governor of the State aforesaid, and Representative to Congress for the third Congressional district of said State, and State Senators for the seventh senatorial district of said State, and a Sheriff, Treasurer, County Commissioner, Clerk of the Supreme Judicial Court,

Judge of Probate, and Register of Probate for the county of Kennebec aforesaid, and Representatives to the Legislature for said Augusta was then and there duly held; and, at said election, a list of the voters of said Augusta was necessary:—And the jurors aforesaid, upon their oath aforesaid, do further present, that William Boyington of said Augusta, in said county of Kennebec, did then and there, at the meeting and election aforesaid, wilfully, knowingly and unlawfully, cast and give in more than one vote, ballot and list of persons then and there to be elected and chosen into the said offices, at one balloting, at the choice and election aforesaid, against the peace of said State, and contrary to the form of the statute in such case made and provided.

To the indictment there was a demurrer and joinder.

*J. W. Bradbury, jr.,* in support of the demurrer, contended that the allegations might be true and the defendant not guilty of any offence. He might have voted for representatives on one ballot and for State and county officers on another, as by c. 4, § 37.

The allegation is—"gave in more than one vote, ballot and list of persons," instead of—of *the* persons voted for. Counsel cited *State* v. *Godfrey*, 24 Maine, 232; *Commonwealth* v. *Davis*, 11 Pick., 432; *same* v. *Phillips*, 16 Pick., 213; *same* v. *Brown*, 13 Met., 368; *same* v. *Blood*, 4 Gray, 32.

2. No allegation that the meeting was called or held according to the constitution and laws of the State. *State* v. *Bailey*, 21 Maine, 62.

*Harley, County Attorney, contra.*

BARROWS, J.—This is a demurrer to an indictment for double voting at a State election, founded on chap. 4, § 61, R. S. The indictment alleges that, "on the fourteenth day of September, in the year of our Lord one thousand eight hundred and sixty-eight, at, &c., a meeting of the inhabitants of, &c., for the election of (certain State and county

officers specified,) and representatives to the Legislature for said, &c., was then and there duly held; and at said election a list of the voters of, &c., was necessary;" and then charges that the defendant " did then and there at the meeting and election aforesaid, wilfully, knowingly, and unlawfully cast and give in more than one vote, ballot and list of persons then and there to be elected and chosen into the said offices, at one balloting, at the choice and election aforesaid, against the peace," &c.

All the elements necessary to constitute one of the offences prohibited and punished by § 61, are here set forth with abundant precision and minuteness.    The defendant cannot complain that he has not been fully informed of the nature and cause of the accusation against him.    His counsel objects to the indictment as insufficient.

1. Because it is provided in § 37 of c. 4, that " in voting for representatives to the State Legislature, in the wards of a city, the names shall be on the same ballot with the other officers to be chosen at the meeting, by voters of like qualifications, *unless* the board of aldermen in their warrant notifying the meeting require a separate  ballot or ballots which they may do."

Hereupon it is argued that all the acts and facts here charged may be true and yet no offence may have been committed, inasmuch as the indictment does not negative the requirement by the aldermen of a separate ballot for representatives to the Legislature.

But, while it is true that, in charging an offence created by statute, if there is an exception in the enacting clause of the statute, it must be negatived, — otherwise, no offence is charged, — it is equally well settled that, if the exception is in another substantive clause, the case provided for in the enacting clause may be fully stated without negativing the exception.    A perfect *prima facie* case is set forth, and if the defendant relies upon some independent provision as furnishing matter of excuse, he must plead it.

Such is this case.    The rule as here stated is fully recog-

nized in *State* v. *Godfrey*, 24 Maine, 232, cited for defendant, although in that case, the indictment, being at common law, and not for any statutory offence, was deemed insufficient.

2. It is objected that there is no allegation that the meeting was called or held " according to the constitution and laws of the State," as it was alleged in *State* v. *Bailey*, 21 Maine, 62. But it·is alleged that this meeting, the purposes of which are fully stated, " was then and there duly held." These allegations are fully equivalent. The meeting for these purposes could not have been *duly* held unless it was held according to the constitution and laws of the State. A general allegation broad enough to embrace the proof necessary to show the meeting legal is all that is necessary in this respect. *State* v. *Bailey*, *ubi sup*.

> *Exceptions and demurrer overruled.*
> *Indictment adjudged good.*
> *Judgment for the State.*

APPLETON, C. J., KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.