STATE *vs.* DANA H. MILES.

Cumberland. Opinion April 13, 1896.

*Bribery. Pleading.*

A general demurrer to an indictment containing several counts will not be sustained if any one of the counts is sufficient in law.

Bribery at common law is the crime of offering any undue reward or remuneration to any public officer, or other person intrusted with a public duty, with a view to influence his behavior in the discharge of his duty.

The taking as well as the offering or receiving of such reward constitutes the crime, when done with a corrupt intent.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment for bribery found against a police officer of the City of Portland by the grand jury of. the Superior Court, Cumberland County, and to which the defendant filed a general demurrer. The presiding justice overruled the demurrer and the defendant took exceptions.

### (Indictment.)

The grand jurors for said State upon their oath present that Dana H. Miles of Portland, in the County of Cumberland, on the fourth day of June, in the year of our Lord one thousand eight hundred and ninety-four, at said Portland, was a police officer of said Portland, duly and legally appointed and authorized to discharge the duties of that office; that as such police officer, it was then and there the duty of said Dana H. Miles to arrest one John Murphy, the younger of that name, who was then and there, on said fourth day of June, unlawfully concerned in a certain lottery, scheme and device of chance not authorized by law in said State, by then and there having in his possession, with intent to sell and dispose of the same, certain certificates, tickets, shares and interests in said lottery, scheme and device of chance, as he, the said Dana H. Miles, then and there well knew; nevertheless, the said Dana H. Miles, not regarding the duties of his office as aforesaid, but perverting the trust reposed in him, and contriving and intending the citizens of this State for the private gain of him, the said Dana H. Miles, to oppress and impoverish and the due execution of justice as much as in him lay to hinder, obstruct and destroy, on said fourth day of June, in said Portland, under color of his said office as a police officer as aforesaid, a certain sum of money, to wit, the sum of five dollars, for not arresting said John Murphy, the younger of that name, and for not interfering with said John Murphy, the younger of that name, in the prosecution of said business of being unlawfully concerned in a certain lottery, scheme and device of chance not authorized by law in said State as aforesaid, the said Dana H. Miles from the said John Murphy, the younger of that name, unlawfully, unjustly and extorsively did accept, re-

ceive and have, against the duties of his said office, to the great hindrance of justice and against the peace of said State.

The second count alleged the same offense to have been committed on the eleventh day of the same month.

(Third Count.) . . . that said Dana H. Miles afterwards, to wit, on the tenth day of June, in the year of our Lord one thousand eight hundred and ninety-four, at said Portland, was an officer having power to serve criminal process within said Portland, to wit, a police officer of said Portland, duly and legally appointed and authorized to discharge the duties of that office; that by virtue of his authority as such police officer, he then and there seized in a certain tenement situated on the northerly side of Fore Street, so-called, in said Portland, certain intoxicating liquors, a more particular description of which said intoxicating liquors is to the grand jurors unknown, which said intoxicating liquors were then and there kept and deposited in said tenement and intended for illegal sale in said State, by one Lewis Levi, as he, the said Dana H. Miles, then and there well knew; that it was then and there the duty of said Dana H. Miles as such officer, to institute proceedings against said Lewis Levi for having violated as aforesaid, the laws relative to the illegal sale and the illegal keeping of intoxicating liquors; nevertheless, the said Dana H. Miles, not regarding the duties of his office as aforesaid, but perverting the trust reposed in him, and contriving and intending the citizens of this State for the private gain of him, the said Dana H. Miles, to oppress and impoverish and the due execution of justice as much as in him lay to hinder, obstruct and destroy, on said tenth day of June, at said Portland, under color of his said office as a police officer as aforesaid, a certain sum of money, to wit, the sum of ten dollars, for not instituting proceedings against him, the said Lewis Levi, for having violated the laws against the illegal sale and the illegal keeping of intoxicating liquors as aforesaid, he, the said Dana H. Miles, from the said Lewis Levi, did then and there unlawfully, unjustly and extorsively accept, receive and have, against the duties of his said office, to the great hindrance of justice and against the peace of said State.

(Fourth Count) . . . that said Dana H. Miles afterwards, to
wit, on the fourteenth day of July, in the year of our Lord one
thousand eight hundred and ninety-four, at said Portland, was an
officer having power to serve criminal process within said Portland,
to wit, a police officer of said Portland, duly and legally appointed
and authorized to discharge the duties of that office; that he, the
said Dana H. Miles, did then and there on said fourteenth day of
July, find in a certain tenement situated on the northerly side of
Federal Street, so-called, in said Portland, certain intoxicating liq-
uors, a more particular description of which said intoxicating liquors
is to the grand jurors unknown, which said intoxicating liquors
were then and there kept and deposited in said tenement and in-
tended for illegal sale in said State; that it was then and there the
duty of said Dana H. Miles as such police officer, to endeavor to
ascertain the owner and keeper of said intoxicating liquors so then
and there kept and deposited as aforesaid, and to further endeavor
to ascertain the person or persons intending to unlawfully sell such
intoxicating liquors so then and there kept and deposited as afore-
said, and it was then and there the duty of said Dana H. Miles as
such police officer to institute proceedings against the owner and
keeper of said intoxicating liquors so then and there kept and
deposited as aforesaid, and it was then and there the duty of said
Dana H. Miles as such police officer to institute proceedings against
the person or persons intending to unlawfully sell such intoxicating
liquors so then and there kept and deposited as aforesaid; neverthe-
less, the said Dana H. Miles, not regarding the duties of his office
as aforesaid, but perverting the trust reposed in him and contriving
and intending the citizens of this State for the private gain of him,
the said Dana H. Miles, to oppress and impoverish and the due
execution of justice as much as in him lay to hinder, obstruct and
destroy, on said fourteenth day of July, at said Portland, under
color of his said office as a police officer as aforesaid, a certain sum
of money, to wit, the sum of twenty-five dollars, for not endeav-
oring to ascertain the owner and keeper of said intoxicating liquors
so then and there kept and deposited as aforesaid, and for not
endeavoring to ascertain the person or persons intending to unlaw-

fully sell said intoxicating liquors so then and there kept and deposited as aforesaid, and for not instituting proceedings against the owner and keeper of said intoxicating liquors so then and there kept and deposited as aforesaid, and for not then and there instituting proceedings against the person or persons intending to unlawfully sell such intoxicating liquors so then and there kept and deposited as aforesaid, the said Dana H. Miles from one William H. Lord did unlawfully, unjustly and extorsively accept, receive and have, against the duties of his said office, to the great hindrance of justice and against the peace of said State.

(Fifth Count) . . . that said Dana H. Miles afterwards, to wit, on the twenty-seventh day of September, in the year of our Lord one thousand eight hundred and ninety-four, was an officer having power to serve criminal process within said Portland, to wit, a police officer of said Portland, duly and legally appointed and authorized to discharge the duties of that office ; that by virtue of his authority as such police officer, he then and there seized in a certain tenement situated on the easterly side of Monument Square, so-called, in said Portland, certain intoxicating liquors, a more particular description of which said intoxicating liquors is to the grand jurors unknown, which said intoxicating liquors were then and there kept and deposited and intended for unlawful sale within said State by one Henry A. Harding, as he, the said Dana H. Miles, then and there well knew; that it was then and there the duty of said Dana H. Miles as such officer, to institute proceedings against said Henry A. Harding for having violated as aforesaid the laws relative to the illegal sale and the illegal keeping of intoxicating liquors; nevertheless, the said Dana H. Miles, not regarding the duties of his office as aforesaid, but perverting the trust reposed in him and contriving and intending the citizens of this State for the private gain of him, the said Dana H. Miles, to oppress and impoverish and the due execution of justice as much as in him lay to hinder, obstruct and destroy, on said twenty-seventh day of September, at said Portland, under color of his said office as a police officer as aforesaid, a certain sum of money, to wit, the sum of ten dollars, as a consideration for using his influence and endeavoring

in divers other ways to have such proceedings to be so instituted against said Henry A. Harding, dismissed, he, the said Dana H. Miles, from said Henry A. Harding, did unlawfully, unjustly and extorsively accept, receive and have, against the duties of his said office, to the great hindrance of justice and against the peace of said State.

*Chas. A. True*, County Attorney, for State.

Since the respondent is not a sheriff, deputy sheriff, coroner or constable, the case does not come within the provisions of R. S., c. 122, § 11, and the indictment is founded upon the common law.

Bribery: Am. & Eng. Enc. of Law, Vol. II. p. 530; 3 Greenl. Ev. § 71; 2 Bish. Cr. Law, § 25; *Watson* v. *State*, 39 Ohio St. 123; *State* v. *Ellis*, 33 N. J. L. 102, S. C. 97 Am. Dec. 707, and note; 2 Whar. Cr. Law, § 1572; *Walsh* v. *People*, 65 Ill. 58, S. C. 16 Am. Rep. 569; *People* v. *Markham*, 64 Cal. 157, S. C. 49 Am. Rep. 700; *Com.* v. *Lapham*, 156 Mass. 480.

Allegation of "corruptly" not necessary when the act is charged as done unlawfully, unjustly and extorsively. *State* v. *Jackson*, 73 Maine, 91.

*Ardon W. Coombs*, for defendant.

As to the receiver of the bribe the offense is not complete by mere acceptance. The money must be corruptly accepted; that is, he must promise the giver to do a corrupt act; must intend to keep that promise and must perform it.

The distinction between the giver and the receiver must be observed in setting out the offense in the indictment, which must allege all the material facts necessary to be proved to secure a conviction. *State* v. *Philbrick*, 31 Maine, 401.

If all the allegations of the indictment may be true, and yet constitute no offense, the indictment is insufficient. *State* v. *Godfrey*, 24 Maine, 232; *State* v. *Chapman*, 68 Maine, 477.

The indictment against the alleged bribe-taker should set out the corrupt action of the respondent, for which the bribe constituted the inducement, by certain and not indefinite averment and allegation.

In no count is it alleged that the money was accepted as a bribe to induce Miles to refrain from doing an official act.

The allegations should have been supplemented by further averments that the money was accepted as a bribe to induce the respondent to refrain from doing some specific act which it was his official duty to perform; or by averment of a promise by the respondent that he "would not arrest," "would not prosecute," "would use his influence," &c., and by further allegations that he "did not arrest," "did not prosecute," "did use his influence by doing specific acts set out and otherwise," etc.

In the first and second counts it does not appear what lottery scheme, or device of chance Murphy was concerned in. "A certain lottery," &c., is too indefinite, in an indictment. While the corrupt acceptance of a bribe, by the respondent, is the gist of the prosecution in the case under discussion, yet the facts must be alleged with all the certainty and formality that would be required in an indictment against Murphy for being concerned in a lottery.

The same argument applies to the third, fourth and fifth counts. The respondent is not informed by the indictment as to the place where liquors were deposited or seized.

In a certain tenement situated "on the northerly side of Fore street" (as in the third count), "on the northerly side of Federal street" (as in the fourth count), and "on the easterly side of Monument Square" (as in the fifth count), are all insufficient descriptions of the place. Such a description would not convey the premises, and would not confine a search to one building or place, and is therefore insufficient. *State* v. *Robinson,* 33 Maine, 564; *State* v. *Bartlett,* 47 Maine, 388.

There is no attempt to identify the place by giving the number of the street, or the name of the occupant of the tenement. There is no allegation that the location of the tenement was "to the grand jurors unknown." Indictment insufficient. *Com.* v. *Hall,* 15 Mass. 239.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

FOSTER, J. This is an indictment at common law for bribery, and comes before this court on demurrer.

There are five counts in the indictment, and in each the respondent is alleged to have been a public officer of the city of Portland; and, under color of his office, to have unlawfully, unjustly and extorsively received bribes for neglecting and violating his official duties.

The demurrer being general and aimed at the indictment as a whole, if any one of the five counts is sufficient in law the demurrer cannot be sustained. Any one of the counts, if good, would be sufficient upon which to found a verdict, even though there may have been other counts in the same indictment that were defective. *State* v. *Burke*, 38 Maine, 574; *State* v. *Mayberry*, 48 Maine, 218; *Dexter Savings Bank* v. *Copeland*, 72 Maine, 220; *Commonwealth* v. *Hawkins*, 3 Gray, 463.

Bribery at common law is the crime of offering any undue reward or remuneration to any public officer, or other person intrusted with a public duty, with a view to influence his behavior in the discharge of his duty.

The taking as well as the offering or receiving of such reward constitutes the crime, when done with a corrupt intent. *State* v. *Ellis*, 33 N. J. L. 102 (97 Am. Dec. 707, and note).

In the case at bar the corrupt acceptance of the bribe is the gist of the offense. And this is sufficiently alleged. It matters not whether he actually carries out the corrupt agreement.

Thus, in the case of *People* v. *Markham*, 64 Cal. 157, (49 Am. Rep. 700) it was held that a police officer who received money in consideration of his promise not to arrest certain offenders was guilty of bribery; and it was not necessary to allege or prove that the crime was subsequently committed, and that the officer failed to make the arrest.

It is claimed that this indictment does not set out the corrupt action of the respondent, for which the bribe constituted the

inducement, by certain and definite allegations ; and that the words "for not arresting," and kindred expressions in the several counts, do not amount to allegation, but leave the corrupt motive of the respondent to inference rather than averment. It is true, that in indictments the want of a direct and positive allegation, in the description of the substance, nature, or manner of the offense, cannot be supplied by any intendment, argument or implication, and that the charge must be laid positively and not by way of recital merely, (*State* v. *Paul,* 69 Maine, 215,) but in this case we think the indictment is not defective in the respect claimed. It is distinctly and affirmatively alleged that the bribes were received, and the alleged inducement or purpose for which these bribes were received is stated in the preposition clauses commencing with the words "for not arresting", etc. We think this is sufficient. The meaning is clear. The substantive part of the offense, accepting the bribes, is affirmatively alleged, and the purpose, object, or inducement is sufficiently set forth to meet the requirements of criminal pleading. It is as strongly asserted as it would be had the indictment stated that the money was accepted as a bribe to induce the respondent to refrain from doing an act which it was his official duty to perform.

It cannot be said that the allegations, as contained in the indictment, may all be true and yet no offense committed, as in *State* v. *Godfrey,* 24 Maine, 232.

The allegation in reference to the lottery, scheme or device of chance mentioned in the first and second counts in which the party to be arrested was concerned, is sufficient. The corrupt acceptance of a bribe by the respondent is the gist of this prosecution, rather than the facts necessary to be alleged for being unlawfully concerned in a lottery. *State* v. *Lang,* 63 Maine, 215, 219, 220.

The same reasoning applies to the remaining counts, and the demurrer was properly overruled.

*Exceptions overruled.*