STATE *vs.* ALBERT S. CONANT.

Cumberland.    Opinion December 18, 1924.

*An indictment based upon Public Laws of 1921, Chap. 211, Sec. 74, which simply alleges "that A. of P. in said County on the thirteenth day of October A. D. 1923, at said P., did operate and attempt to operate a certain motor vehicle while being then and there intoxicated and under the influence of intoxicating liquor, against the peace" etc., is insufficient upon general demurrer; it does not sufficiently charge the offense which the statute was intended to punish, and may include an act which is not punishable.*

An indictment like the one in the instant case might include an act which is not punishable; as, for example, the operation or attempt to operate a motor vehicle by an intoxicated man within his own dooryard or on a private driveway on his own premises. In neither case would the act be penal.

On exceptions by respondent. Respondent was indicted under Sec. 74, Chap. 211, of the Public Laws of 1921, for operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor. Counsel for respondent filed a general demurrer to the indictment alleging that the indictment was insufficient on the ground that it did not allege that the operation or use of the vehicle was upon some way; including public parks, parkways, and

bridges. The demurrer was overruled by the presiding Justice and the indictment adjudged good, to which ruling respondent entered exceptions. Exceptions sustained. Indictment adjudged bad.

The case is stated in the opinion.

*Clement F. Robinson, Deputy Attorney General and Ralph P. Ingalls, County Attorney,* for the State.

*Harry E. Nixon,* for the respondent.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, STURGIS, BARNES, JJ.

DUNN, J., did not participate.

MORRILL, J. This indictment, based upon Laws of 1921, Chap. 211, Sec. 74, charges "that Albert S. Conant of Portland in said County on the thirteenth day of October A. D. 1923 at said Portland, did operate and attempt to operate a certain motor vehicle while being then and there intoxicated and under the influence of intoxicating liquor, against the peace" etc.

A general demurrer was overruled and the case is before us on respondent's exceptions. The exceptions must be sustained.

The indictment, while following verbatim the language of Section 74, does not state facts which constitute a crime. Section 1 of the same act defines the prohibiting language as follows: "Words in the context of this act indicating operation or use of a vehicle refer to its operation or use upon any way or bridge in this state, including public parks and parkways," and further, "As used in this chapter, unless the context otherwise indicates, the word 'way' includes all kinds of public ways." The operation of, or the attempt to operate, a motor vehicle when the operator is intoxicated or under the influence of intoxicating liquor or drugs, is declared to be a crime only when the act is committed upon a way or bridge, including public parks and parkways.

While it is a general rule that, where an offense is created by statute, an indictment or complaint charging the offense in the words of the statute, as charged here, is sufficient, "there is an exception to the rule, where the words of a statute may, by their generality, embrace cases falling within its literal terms, which are not within its meaning or spirit. In such cases, the offense intended to be made

penal is ascertained by reference to the context, and to other statutes in pari materia, and the indictment or complaint must allege all facts necessary to bring the case within the meaning and intent of the legislature." *Com.* v. *Barrett,* 108 Mass., 302.  *Moulton* v. *Scully,* 111 Maine, 428, 441.

In 1 Wharton's Criminal Procedure, 10 Ed. by Kerr, the principle is thus stated in Section 291, on page 332:   "If it be clear that an act is only to become a crime when executed by persons of a particular class, or under particular conditions, then this class or those conditions must be set out in the indictment, no matter in what part of the statute they may be expressed."

The decisions of this court afford numerous instances of the application of this principle, holding indictments merely following the words of a statute insufficient.   *State* v. *Lashus,* 79 Maine, 541, thus stating the reason of the rule:

"The law affords to the respondent in a criminal prosecution such a reasonably particular statement of all the essential elements which constitute the intended offense as shall apprise him of the criminal act charged; and to the end, also, that if he again be prosecuted for the same offense, he may plead the former conviction or acquittal in bar."

Other cases are *State* v. *Hosmer,* 81 Maine, 506, quoting the above language.   *State* v. *Androscoggin R. R. Co.,* 76 Maine, 412.   *State* v. *McLoon,* 78 Maine, 420.   *State* v. *Doran,* 99 Maine, 329.   "The court, in ascertaining the offense with which the defendant is charged cannot look beyond the words of the indictment itself.   If those words do not sufficiently charge the offense which the statute was meant to punish, the indictment is fatally defective."   Metcalf, J. in *Com.* v. *Bean,* 11 Cush., 414.   In *Com.* v. *Bean,* 14 Gray, 52 the rule is again stated.

So tested the indictment fails.   Clearly by its terms it may include an act which is not punishable; as, for example, the operation or attempt to operate a motor vehicle by an intoxicated man within his own dooryard or on a private driveway on his own premises.   In neither case would the act be penal.

*Exceptions sustained.*
*Indictment adjudged bad.*