STATE OF MAINE *vs.* RAYMOND P. PETERSON.

Cumberland.     Opinion, March 10, 1939.

*Albert Knudsen,* County Attorney,
*Richard S. Chapman,* Assistant County Attorney, for the State.
*Milan J. Smith,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The respective briefs in this criminal case refer to the denial of a motion in arrest of judgment. The proceeding had been instituted before a trial justice. Conviction followed hearing. The respondent appealed to the Superior Court; on trial by jury he was found guilty. Thereupon, it was unavailingly pressed upon the attention of the Judge that all the complaint alleged might be true, and yet no punishable wrong have been committed.

A bill of exceptions brings the case here.

The single question is whether the complaint, on which the warrant for arrest was issued, states, on its face, facts constituting an offense.

In criminal pleading, slight defects may be of no invalidating character; nevertheless, essential elements must be set down in the complaint or indictment with some degree of particularity. In as-

serting any violation of a penal or criminal statute, the instrument must in itself allege whatever is necessary to bring the prosecution within legislative meaning and intent. *Moulton* v. *Scully*, 111 Me., 428, 441, 89 A., 944; *State* v. *Conant*, 124 Me., 198, 126 A., 838. Nothing can be supplied by intendment, argument or implication. *State* v. *Paul*, 69 Me., 215, 218.

This complaint was, concededly, framed to accuse transgression of a statute, the pertinent portion of which runs as follows:

"Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, upon conviction, shall be punished by a fine of not less than $100 nor more than $1000 or by imprisonment for not less than 30 days nor more than 11 months, or by both such fine and imprisonment." R. S., Chap. 29, Sec. 88, as amended by P. L. 1935, Chap. 89.

As used in the statute, the word "way," save where context indicates otherwise, includes all kinds of public ways. R. S., Chap. 29, Sec. 1. (1935 and 1937 amendments work no change in this connection.)

The body of the complaint details that:

"Raymond P. Peterson, Cumberland, Maine on May 21, 1938 operated a motor vehicle over and on Route 3 in Gray while he was then and there under the influence of intoxicating liquor, against the peace of the State and contrary to the form of the Statute in such case made and provided."

The exceptant contends that the complaint is fatally insufficient — first in that it neither states that while he himself was under the influence of intoxicating liquor, he drove his motor vehicle upon a public way, nor then operated it elsewhere; also that lack of verbal precision leaves process too general and uncertain to sustain the verdict.

Contention is not without convincing force.

If design was to aver, in effect, that the accused, his mental and physical condition affected as a consequence of his having indulged in intoxicants, drove his vehicle on a public way, then the language

employed to put such thought on paper is indefinite. Allegation relative to where the driving was, is no more specific than "Route 3 in Gray."

A route has been defined as a way used in going from one place to another. *Attorney General* v. *West Wisconsin, etc., Co.*, 36 Wis., 466, 494. The cited case concerns a railroad route. It may well be that in ordinary vehicular transportation conception, the term route designates an improved highway from town to town, or place to place, open generally to the reasonable use of the public, without distinction, for passage and repassage at pleasure.

But the word route may aptly have a different sense; route sometimes points out or distinguishes a course, a line of travel or of transit. 54 C. J., 1106; *Louisiana Highway Commission* v. *Cormier*, 13 La. A., 459, 128 So., 56, 61. "Wide through the furzy field their route they take." (Quoted in Webster's International Dictionary.)

Seeking necessary information in a situation like this, investigation is limited to what, as regards the commission of an offense, written accusation apprises. *State* v. *Paul*, supra; *State* v. *Conant*, supra.

If, to recur to the complaint, purpose was to say that while liquor swayed his conduct, the operator ran his machine in some place other than on a public way, declaratory words vary greatly in color and content from saying so.

The complaint is not, with regard to all the ingredients of the offense it would impute, exact enough; it does not keep sufficiently close to rule; because it is wanting in preciseness, the same defendant could not, in the event of a subsequent criminal action, for the same offense, in law and in fact, plead as a bar the double jeopardy provision which forbids punishing twice. Constitution of Maine, Article 1, Section 8; *State* v. *Lashus*, 79 Me., 541, 11 A., 604; *State* v. *Hosmer*, 81 Me., 506, 17 A., 578; *State* v. *Shannon*, 136 Me., 127, 3 A., (2nd), 899. It is settled in this jurisdiction that the charge must be laid positively, and not informally or by way of recital merely. *State* v. *Paul*, supra. See *State* v. *Strout*, 132 Me., 134, 136, 167 A., 859; *State* v. *Beckwith*, 135 Me., 423, 198 A., 739. See, too, *Ex parte Lange*, 18 Wall., 163, 21 Law Ed., 872.

On the criminal side, it is required, as well by the common law as

the Constitution, that to bring a case within the law, a sufficient case must be set forth. *Com.* v. *Bean*, 14 Gray, 52.

The complaint attacked fails. Notwithstanding the verdict, no judgment can be rendered.

*Exception sustained.*
*Judgment arrested.*