STATE OF MAINE *vs.* COLIN R. DUNN.

Lincoln.      Opinion, October 7, 1939.

*James Blenn Perkins, Jr.,* County Attorney for the State.
*Pattangall, Goodspeed & Williamson,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    To this indictment, which has sixty-seven counts, twenty-five drawn under the single section of Public Laws of 1935, Chapter 134, with forty-two allegedly for violations of provisions of Section 10 of Chapter 9 of the 1930 revision of the statutes, the respondent filed a demurrer. Whether it is general or special is not of mention, nor is the demurrer itself in the printed record.

On filing of the demurrer, the case was, the parties assenting, reported to this Court, a stipulation stating that, if the indictment be held good and sufficient, as upon demurrer, the case shall stand for trial; otherwise the indictment shall be quashed.

1935 Laws, Chapter 134, of mention above, refers to, and thereby makes a part of itself, not Section 10 of Chapter 9, also of notice hereinbefore, in entirety, but the final, or penalty prescribing feature thereof, and no other of its words or phrases. The text of such adapted part does not employ the adverb "wilfully." This is our answer to contention otherwise.

The first, or twenty-five count group in the indictment, alleges the commission, as to five voters, of as many separate but affiliated criminal offenses, by the officer presiding at a town voting place in a state election. These, as laid, concern not affording opportunity for the challenging of individual voters, challenges of such voters, permitting each of them to vote without prior compliance with statute requirements, and failure to make notations, and as well returns, of challenges.

In the second group, as to the votes of each of fourteen voters

voting in absence, are charges against the same election official, of three allegedly different crimes.

The demurrant's argument goes wholly to the indictment. The question of the legal sufficiency of that accusatory document as a pleading was the seemingly sole object of a general demurrer, and alone the ground of prayer for judgment.

Formal defects in indictments remain proper subjects of general demurrer, as at common law. *State* v. *Mahoney*, 115 Me., 251, 98 A., 750. On the other hand, if an indictment contain both good and bad counts, a general demurrer must be held insufficient. *State* v. *Miles*, 89 Me., 142, 36 A., 70.

The offenses the indictment lays are purely statutory ones, by the officer of election. In general, the indictment for such an offense, the statute describing it in whole, is simply required to cover only, with time and place, all the material statutory terms, and need not be expanded beyond them. *Commonwealth* v. *Connelly*, 163 Mass., 539, 40 N. E., 862; *State* v. *Lockbaum*, 38 Conn., 400; *State* v. *Bailey*, 21 Me., 62.

The leading rule for all indictments on statutes is to embody in allegation all the elements necessary to constitute the offense, either in the words of the statute, or in language which is its substantial equivalent. *Tulley* v. *Commonwealth*, 4 Met., Mass., 357; *Commonwealth* v. *Welsh*, 7 Gray, 324; *State* v. *Hussey*, 60 Me., 410; *State* v. *Bushey*, 96 Me., 151, 51 A., 872; *State* v. *Conant*, 124 Me., 198, 126 A., 838. It is never requisite that the indictment should disclose the evidence by which it is to be supported. *Commonwealth* v. *Harris*, 13 Allen, Mass., 534. And a negative averment is not usually required to be so full as an affirmative one. Bishop, Crim. Pro., 1, Section 641.

The counts in the indictment — or some one of them at least, as, for instance, the sixty-seventh, or that of latest appearance in the record, against which, in difference from the others, the respondent's brief makes no specific attack — measure to controlling standard.

The gist of the offense charged in the sixty-seventh count is that the election official "did then and there feloniously fail to note the fact that Richard L. Fowle, then and there a qualified elector of said Westport, had then and there challenged the absent voting

ballot of James Murray, when as (*sic*) the same was then and there cast at said election, together with the name of the said James Murray, upon the said absent voting ballot of the said James Murray, so challenged, as aforesaid, witnessed by two election officers representing two different parties against the peace of said State and contrary to the form of the statute in such case made and provided."

The draftsman of this count evidently had the statute before him. R. S., *supra*.

Assuredly, as argued, where the words of a statute may by their generality embrace cases falling within its literal terms, which are not within its meaning or spirit, the indictment must be enlarged beyond the words of its enactment, and allege all facts necessary to bring the case within legislative intent. *State* v. *Lashus*, 79 Me., 541, 11 A., 604; *State* v. *Doran*, 99 Me., 329, 59 A., 440; *State* v. *Conant*, supra.

Such exception to the general rule does not, however, apply to the case at bar.

Where, save in instances of no present importance, the intent with which an act made criminal is done forms no part of the offense, it is not necessary to prove any intent in order to justify a conviction. *State* v. *Rogers*, 95 Me., 94, 49 A., 564; *State* v. *Chadwick*, 119 Me., 45, 109 A., 372; *State* v. *Morton*, 125 Me., 9, 130 A., 352. As to unlawful acts which naturally affect the result of an election, a criminal intent will be presumed. *State* v. *Connelly*, supra.

Inquiry now is not what might, at issue to the merits in the court below, avail defensively, but the legal sufficiency of the indictment as a criminal pleading, tested, not necessarily by its counts collectively, but by any one of them; for, as has been seen, any count in itself good — and such there is — will withstand a general demurrer.

Upon the issue of law raised by the demurrant's dilatory plea, judgment goes against him. The case is being sent back to the Superior Court, where it will be required that there be answer to the merits of the indictment.

*It is so ordered.*