Merrimack,  } No. 3839.
Nov. 1, 1949. }

STATE *v.* ALBERT W. JOHNSON.

*Raymond K. Perkins*, County Solicitor, for the State, filed no brief.

*Willoughby A. Colby* (by brief and orally), for the defendant.

KENISON, J. The single question presented is whether one who pleads not guilty by reason of mental derangement to a felony may be committed to the state prison. The pertinent statute (R. L., c. 429, s. 3) provides: "In either of the cases aforesaid the court, if it is of opinion that it will be dangerous that such person should go at large, may commit him to the prison or to the state hospital, there to remain until he is discharged by due course of law."

It is undisputed that aggravated assault is a felony and upon conviction the respondent may be sentenced to state prison. R. L., c. 455, s. 23; *Newell* v. *Moreau*, 94 N. H. 439, 441. Nor is there any doubt that this defendant could be committed to the state hospital. Defendant maintains, however, that the phrase "the prison" in the quoted statute refers only to a county jail or house of correction and not to the state prison and has submitted a comprehensive brief analyzing the prior legislation on crime and insanity in support of that contention. Stated otherwise defendant contends that there can be no commitment to state prison unless the statute specifically names the state prison.

Title XXXVII of the Revised Laws defining the majority of crimes and offenses in the state uses the verb "imprisoned" throughout as applicable to felonies punishable by sentences to state prison as well as misdemeanors punishable by sentences to jail or house of correction. See R. L., c. 440, s. 21; R. L., c. 455, s. 16. Title XXXVIII of the Revised Laws, Imprisonment, uses the term "prisoners" throughout as applicable to common or county jails (R. L., c. 461), houses of correction (R. L., c. 462, s. 4) and the state prison (R. L., c. 464). This indicates the generic nature of the word "prison" and allied terms as used in our statutes even though there is a well defined distinction between the state prison on the one hand and county jails and houses of correction on the other hand. See *Martin* v. *Martin*, 47 N. H. 52, 53.

Now, as formerly, the legislation relating to confinement and imprisonment is not as perfect as it might be (*State* v. *Shattuck*, 45 N. H. 205) but, when construed in accordance with popular understanding, it has not proved to be a deterrent to its effective administration. Cf. *Petition of Morin*, 95 N. H. 518. If the word "prison" in R. L., *c.* 429, *s.* 3 is construed as including the state prison but not limited to that institution, there is consistency in all the statutes. Such an interpretation is followed elsewhere (*Sturtevant* v. *Commonwealth*, 158 Mass. 598) and a contrary one would do violence to the habitual criminal act (R. L., *c.* 460, *s.* 1) where the word is also used in a general sense as including any place of imprisonment or confinement. Furthermore there is considerable doubt that the Legislature intended that the confinement of mentally deranged persons who commit crimes of violence should be in small jails or houses of correction where escape is neither uncommon nor unlikely.

The order of the Court is affirmed without precluding the Court from modifying the order in the future if changed conditions or the interest of the public or the defendant require such modification under R. L., *c.* 429, *s.* 4 or, if applicable, Laws 1949, *cc.* 313 and 314.

*Exceptions overruled.*

All concurred.

ON MOTION FOR REHEARING.

*Willoughby A. Colby* (by brief), for the motion.

KENISON, J. Objection is made that the order fails to consider pertinent statutes. R. L., *c.* 429, *s.* 20, provides: "When a convict is sentenced to the state prison otherwise than for life, or as an habitual criminal, the court imposing the sentence shall not fix the term of imprisonment, but shall establish a maximum and minimum term for which said convict may be held in said prison." The failure of the order in this case to establish a maximum and minimum term is claimed to be in violation of the statute. The order was not a sentence (R. L., *c.* 429, *s.* 9), the confinement was not punishment for the alleged crime and the statute has no application. The commitment of mentally deranged persons is necessarily for an indefinite term until they recover or are "discharged by due course of law." R. L., *c.* 429 *s.* 3.

*Motion denied.*

All concurred.