**Philip TOUSSAINT**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Feb. 19, 1970.

Chester D. Cram, Jr., Kennebunk, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, WEATHERBEE and POMEROY, JJ.

PER CURIAM.

This post-conviction habeas corpus is before us on appeal from dismissal of the petition.

We adopt the following "Memorandum of Law and Decision" of the Justice sitting in the Superior Court as the Opinion of the Court.

"The petitioner seeks his enlargement from the Maine State Prison through post-conviction habeas corpus proceedings under 14 M.R.S.A. §§ 5502–5508. By-passing his plea of guilty to the indictment under-

lying the sentence under which he is now confined to the prison, he presently claims that said indictment is fatally insufficient in law to support a charge of crime under 15 M.R.S.A. § 393 as amended by P.L. 1965, c. 327, and consequently that his current imprisonment is illegal.

"The statute involved as amended reads as follows: [1]

"Petitioner contends that the failure to negate in the indictment the exceptions enumerated in section 392 is a fatal omission rendering the indictment null and void. Such has never been the law of Maine when the exceptions are contained in distinct and independent clauses of the statute. State v. Gurney, 1853, 37 Me. 149.

"Respecting the alleged exception contained in the enacting clause to the effect that it is not unlawful for a felon to have the banned firearm in his possession after the expiration of 5 years from the date of his discharge or release from prison or termination of probation, the petitioner contends that the indictment did not sufficiently describe the exception in that it alleged erroneously the petitioner's release from confinement to have been on March 3, 1967 instead of March 6, 1967. In response to this particular attack, let us say that 'a negative averment [when necessary] is not usually required to be so full as an affirmative one.' Bishop, Crim.Pro., 1, Section 641; State of Maine v. Dunn, 1939, 136 Me. 299, 301, 8 A.2d 594. Furthermore, the materiality of the date of release, equally as well as the averment of any date respecting the com-

mission of crime, does not come into play until proof. There is no showing of prejudice, nor any claim of any by reason of the assertion of the wrong date. The petitioner takes nothing by this objection.

"The petitioner raises many other deficiencies in allegations respecting the alleged exception, such as the manner of conviction, the particular sentence given, and the fact that his confinement to the Reformatory for Men [now the Men's Correctional Center] from which he was released on March 3, 1967 [true date March 6, 1967] was not stated to be pursuant to his January 1965 conviction of the offense of breaking, entering and larceny in the nighttime.

"True, our Court has ruled that where an exception is contained in the enacting clause of a statute or in the clause creating the offense, the indictment must show from proper averments that the act charged against the accused is not within the exception; it must negative the exception. State v. Godfrey, 1844, 24 Me. 232. On the other hand, if the exception is included in another substantive clause of an act, the offense provided for in the enacting part of the statute may be fully stated without negativing the exception. State of Maine v. Boyington, 1869, 56 Me. 512.

'A more definite statement of this rule is, that where a statute defining an offense contains an exception or proviso in the enacting clause which is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accu-

1. "§ 393. *Possession forbidden*
It shall be unlawful for any person who has been convicted of a felony under the laws of the United States or of the State of Maine, or of any other state, to have in his possession any pistol, revolver or any other firearm capable of being concealed upon the person until the expiration of 5 years from the date of his discharge or release from prison or termination of probation. Such a person convicted of any offense, except misdemeanors, the maximum punishment for which is a fine of $100 or less, or imprisonment for

90 days or less, during the 5-year period, shall be forever barred from having in his actual or constructive possession any of the weapons described herein. Anyone violating any of the provisions of this chapter shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment for not less than one nor more than 5 years."
" § 392. *Application*
The penal provisions of section 393 shall not apply to any person commissioned as a law enforcement officer or employed as a guard or watchman."

rately and clearly described if the exception is omitted, an indictment founded on the statute must allege enough to show that the accused is not within the exception.' State v. Webber, 1926, 125 Me. 319, 322, 133 A. 738.

■■ "As stated in State v. Turnbull, 1886, 78 Me. 392, 395, 6 A. 1, the relative position in a statute of its different sections, clauses and phrases, and the format used for restricting the scope of a criminal statute should not necessarily be the criterion in determining whether an exception should be negatived in the indictment. The question is, after all, one of legislative intent. The true test is, whether the lawmakers intended to create a general offense, prima facie committable by all persons, in the instant case by all felons, at all times, or in all places, and not a limited offense, committable only by particular persons, at particular times or in particular places. The Legislature intended to proscribe the possession by all felons of firearms concealable upon the person. It provided something of a statute of limitations when the proscription would be lifted. The 5-year limitation after discharge or release from prison or termination of probation when a felon would escape the reach of this statute was never intended as an ingredient of the offense which the statute set out to punish. In fact, the statute, by declaring in a separate clause the proscription permanent, if the felon during the 5-year period is convicted of any offense except certain minor misdemeanors, carries within itself a clear indication of legislative purpose to create a general offense by all felons who have in possession firearms prohibited by the law, the exception merely withdrawing from the general class of otherwise would-be offenders those felons who could prove substantial rehabilitation by showing an absence of convictions for crime during the 5-year period except for petty offenses the maximum punishment for which is a fine of $100 or less, or imprisonment for 90 days or less. See, State v. Rowe, 1968, Me., 238 A.2d 217, 222.

■■ "The State must allege in an indictment every material fact essential to the commission of the criminal offense charged, State of Maine v. Small, 1960, 156 Me. 10, 13, 157 A.2d 874, at least to make out a prima facie case of guilt. Smith v. State, 1950, 145 Me. 313, 75 A.2d 538; Berger v. State, 1951, 147 Me. 111, 83 A.2d 571. The necessary ingredients of the crime charged under 15 M.R.S.A. § 393, as amended, are as follows: 1) possession of a firearm as described in the statute, 2) by a person convicted of a felony under the laws of the United States or of the State of Maine, or of any other state. The present indictment charges both elements fully.

■ "It may be argued that because Mr. Toussaint was sentenced to the State Reformatory for Men, he did not come within the class of felons contemplated by the statute. It is true that the excusatory 5-year period does state 'until the expiration of 5 years from the date of his discharge or release from *prison* or termination of probation.' The anchoring of the 5-year period to the felon's release from prison or to the termination of his probation did not have the effect to limit the beneficial statutory dispensation only to cases where the conviction resulted in a sentence to prison, under which the felon was either committed or placed on probation, but included all cases where probation was entertained and sentence deferred. The term 'prison' within the meaning of 15 M.R.S.A. § 393 was intended to describe in generic terms any penal institution to which the felon happened to be sentenced, and was not limited to the state prison. Sturtevant v. Commonwealth, 1893, 158 Mass. 598, 33 N.E. 648; State v. Johnson, 1949, 96 N.H. 4, 69 A.2d 515, 516; State v. Rardon, 1943, 221 Ind. 154, 46 N.E.2d 605, 609."

The entry will be

Appeal denied.

DUFRESNE, J., did not sit.